UNION PACIFIC RAILROAD COMPANY, PLAINTIFF IN ERROR, V. IRA D. MARSTON, DEFENDANT IN ERROR.

1. **Appeal from Justice:** FILING TRANSCRIPT: NEGLECT. An agreement entered into by an attorney with a justice of the peace, that such justice shall file a transcript of the proceedings of a case tried before him, in the district court, will not, upon the failure of the justice to file the transcript, relieve the appellant from the consequence of such neglect.

2. ———— : ———— : ————. In such case, the duties not being official, the justice acts as the mere agent of the appellant.

3. ———— : ————. Under sections 1,008 and 1,011 of the code, as it existed in 1886, an appellant had thirty days from the rendition of the judgment before the justice in which to file his transcript in the district court, and until the second day of the next term of the district court after the expiration of the thirty days.

4. ———— : ————. Where a transcript is filed by either of the parties on or before the thirtieth day after the rendition of the judgment, the court will thereby acquire jurisdiction of the case.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*W. R. Kelley,* for plaintiff in error, cited: *Dobson v. Dobson,* 7 Neb., 299. *Horn v. Miller,* 20 Id., 103. Sec. 1001, Civil Code.

*Ira D. Marston, pro se,* cited: *Wilson v. Starks,* 2 Southwestern Rep., 346.

MAXWELL, CH. J.

On the 15th day of November, 1886, a judgment was rendered before a justice of the peace in Buffalo county in favor of the defendant in error, and against the plaintiff, for the sum of $40 and costs. On the 25th day of that month the railway company filed a bond for appeal and ordered

46

a transcript of the proceedings.    The first day of the term
of the district court next after the appeal was taken was
on the 13th day of December, 1886.    The transcript was
filed on the 15th day of that month, being the third day of
the term and the thirtieth day after the rendition of the
judgment before the justice.    The appellee then moved to
affirm the judgment of the justice, upon the ground that
the appellant had failed to file its transcript by the second
day of the term.    The motion was sustained and judg-
ment entered in the district court for the sum of $40 and
costs.    On the 22d day of that month, the railway com-
pany filed a motion to have the default set aside, upon the
ground, first, that the transcript had been filed within the
thirty days; and second, because the attorney of the com-
pany had made an agreement with the justice before whom
the cause was tried to file the transcript within the proper
time.    A number of affidavits are set out in the record in
support of or against the second point in the motion.
These affidavits are in duplicate in the record, and the
costs for the same will be taxed to the party at fault.
Even if it was true that the company's attorney had made
an arrangement with the justice to file a transcript, such
agreement would not be recognized by this court, and
would not excuse the failure to file the transcript within
the time required.    *Gifford v. Republican Valley &
Kansas R. R. Co.*, 20 Neb., 538.    It is no part of
the duties of a justice to file a transcript of the proceedings
of a case tried before him, and if a party employs him to
file the same, his duties in that regard, not being official,
will be rendered simply as agent.    The failure of the
agent to file a transcript will not relieve a principal from
the consequences of such neglect.    The affidavits, therefore,
on both sides were entirely unnecessary, and will not be
considered in this case.

Section 1,008 of the code provides that, " the said justice
shall make out a certified transcript of his proceedings, in-

cluding the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken within thirty days next following the rendition of such judgment; and such justice shall also deliver or transmit the bill or bills of particulars, the depositions, and all other original papers, if any, used on the trial before him, to such clerk, on or before the second day of such term; and all other proceedings before the justice of the peace in that case shall cease and be stayed from the time of entering into such undertaking."

Section 1,011 of the code as it existed when the trial in the court below took place, provided that, "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, on or before the second day of the term of the said court next after such appeal, the appellee may, at the same term of said court, file a transcript of the proceedings of such justice, and the said cause shall, on motion of the appellee, be docketed; and the court is authorized and required, on his application, either to enter up a judgment in his favor, similar to that entered by the justice of the peace, and for all costs that have accrued in the court, and award execution thereon; or such court may, with the consent of such appellee, dismiss the appeal, at the cost of the appellant, and remand the cause to the justice of the peace, to be thereafter proceeded on as if no appeal had been taken; and if the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such appeal to be docketed, according to the provisions of this chapter, shall fail to file his petition, or otherwise neglect to prosecute the same to final judgment, the said plaintiff shall become non-suited, and it shall be the duty of said court to render judgment against said appellant for the amount of the judgment rendered against him by the

justice, together with interest accrued thereon and for costs of suit, and to award execution therefor as in other cases."

It will be seen that here are two provisions regulating the time of filing a transcript. They were not inconsistent, however. The appellant was given thirty days in which to file a transcript, then if the transcript was not filed on or before the second day of the term next after the expiration of the thirty days, the appeal might be dismissed or the appellee might file a transcript and ask for the relief provided in the statute—that is, the appellant in any case had at least thirty days from the time of the rendition of the judgment before the justice in which to file his transcript, and was not in default if he failed to file the same on or before the second day of the next term of the district court, although the time intervening might greatly exceed thirty days. The statute in that regard was modified at the last session of the legislature.

Where a transcript is duly filed by one of the parties during the thirty days given by statute, the appellate court will acquire jurisdiction, and it will be its duty to proceed and try the case in the manner pointed out in the statute. A certain number of days are given in which to file a petition and make up the issues, and the judgment in this case was rendered before the time in which the petition should have been filed had elapsed, and before a petition had actually been filed. The court, therefore, erred in overruling the motion of the plaintiff in error to set aside the default, and in affirming the judgment of the justice. But even if the filing of the transcript did not give the court jurisdiction of the appeal, still the railway company was not in default, as it still had until the second day of the next term of the district court in which to file the transcript. In any view of the case, therefore, the court erred, and the cause is reversed and remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.