G. E. CHENEY ET AL. V. T. J. BUCKMASTER ET AL.

[FILED APRIL 29, 1890.]

Appeal: COUNTY JUDGE: FAILURE TO PREPARE TRANSCRIPT. On September 4, 1888, judgment was rendered against the plaintiffs in error in the county court of K. county, and four days later they filed an appeal bond and demanded of the county judge a transcript, for the purpose of taking an appeal.

Through the neglect of the county judge the transcript was not prepared until October 11, and on the same day it was filed in the district court and the appeal docketed. The appellants made a showing of diligence, and that the delay in taking the appeal was caused solely by the failure of the judge to make the transcript at the proper time. On motion of the appellees the appeal was dismissed. *Held*, Error.

ERROR to the district court for Knox county. Tried below before POWERS, J.

*J. H. Berryman*, for plaintiffs in error, cited: *Rich v. Stretch*, 4 Neb., 186; *Roesink v. Barnett*, 8 Id., 146; *Clark v. Strong*, 14 Id., 231; *Dobson v. Dobson*, 7 Id., 296; *Smiley v. Sampson*, 1 Id., 83; *R. V. R. Co. v. McPherson*, 12 Id., 480; *Curran v. Wilcox*, 10 Id., 449; *Steele v. Haynes*, 20 Id., 316; *U. P. R. Co. v. Marston*, 22 Id., 721; *Slaven v. Hellman*, 24 Id., 646; *Gifford v. R. V. & K. R. Co.*, 20 Id., 543; *Parker v. Kuhn*, 19 Id., 396; *Louderback v. Boyd*, 1 Ashmead [Pa.], 380; *Lyttle v. Arkansas*, 12 Ark., 9 [S. C., 9 How. (U. S.), 333].

*Fred J. Fox, contra*, cited: *Roesink v. Barnett, Clark v. Strong, Dobson v. Dobson, R. V. R. Co. v. McPherson, U. P. R. Co. v. Marston, Slaven v. Hellman*, and *Gifford v. R. V. & K. R. Co., supra*, and *Monell v. Terwilliger*, 8 Neb., 360.

NORVAL, J.

On the 4th day of September, 1888, the defendants in error recovered a judgment against the plaintiffs in error in the county court of Knox county for $258.50 and costs taxed at $98.90. On September 8, 1888, an appeal bond was filed, which was duly approved. On the 11th day of October following, a transcript of the judgment was filed in the office of the clerk of the district court of said county. At the March, 1889, term of the court, on motion of the

appellees, the appeal was dismissed, on the ground that the transcript was not filed within thirty days after the rendition of the judgment. The motion to dismiss the appeal was opposed by the affidavits of James A. Cooley, the county judge, before whom the cause was tried, and J. H. Berryman, the attorney for the appellants.

The affidavit of James A. Cooley states: "I am the identical James A. Cooley before whom said action was tried to a jury, I acting in the capacity of county judge, in which case verdict was rendered and was filed on the 4th day of September, 1888. At the time of the filing of the appeal undertaking in said cause, the defendants, by J. H. Berryman, their attorney, demanded of me a transcript of the judgment docket of said case, and that I would have complied with said demand within thirty days from the date of said judgment was it not for the fact that I understood, until after the expiration of thirty days from the date of said judgment, that I had until the second day of the next term of the district court for said county in which to make out said transcript."

J. H. Berryman deposes in his affidavit: "That he is one of the attorneys for the defendants in the above entitled action; that as such attorney for and in behalf of all of said defendants, this deponent, on the 6th day of September, 1888, deposited in the post office at Creighton, in said county, securely sealed and with postage thereon duly prepaid, an envelope containing an appeal bond duly addressed to Hon. James A. Cooley, judge of said county, at Niobrara, Knox county, Nebraska, in the sum of $716.80, with a letter demanding that the same be filed in his office, and approved, and that he make a transcript of his docket in said cause within thirty days from the date of the rendition of said judgment, which was on the 4th day of September, 1888; that deponent, as such attorney, demanded of the said county judge a transcript of said judgment, for the purpose of filing the same in the office of the clerk of

the district court of said county; all of which was done in good faith, and·in order to obtain a trial thereof on its merits, and not for the purpose of delay."

The motion to dismiss the appeal was sustained and the appeal dismissed. It is undisputed that the attorney for appellants, by letter on the fourth day after the trial, requested the county judge to make a certified copy of the judgment for the purpose of taking an appeal. He had a right to expect that the request would be complied with in ample time. From the date of the certificate attached to the transcript it appears that it was not made out until October 11, 1888, and on the same day it was filed with the clerk of the district court. While the appeal was not perfected within thirty days, as required by the statute, it is certain that the failure to do so was not on account of the carelessness or negligence of the appellants or their attorney, but the neglect of the county judge. While the law requires a suitor to be diligent in perfecting his appeal, yet if, without any fault on his part he is prevented from doing so on account of the failure of the proper officer to make out the transcript, he will not be deprived of his right of appeal. (*Dobson v. Dobson*, 7 Neb., 296 ; *Republican Valley R. R. Co. v. McPherson*, 12 Id., 480.)

The case of *U. P. R. R. Co. v. Marston*, 22 Neb., 721, and *Gifford v. R. V. & K. R. R. Co.*, 20 Id., 538, cited by the defendants in error, are clearly distinguishable from the case before us. In each of these cases the appellants constituted the county judge as agent to file the transcript in the district court when made out. It was correctly held in the above cases that the filing of the transcript was no part of the official duties of the magistrate and that the failure of the officer in that regard would not excuse the parties for such neglect.

In the case we are considering it does not appear that the judge was to file the transcript. The fact that the fees were not tendered in this case for the making of the

transcript is immaterial, as that was not the cause of the delay. Had the fees been demanded and not paid it would have been different. We are of the opinion that the district court erred in dismissing the appeal. Its judgment is therefore reversed the appeal is reinstated, and the cause remanded for further proceedings according to law.

JUDGMENT ACCORDINGLY.

THE other judges concur.