SHICKLE H. & H. IRON CO., CROSS-APPELLEES, v. WIL-
LARD KENT ET AL., CROSS-APPELLEES; CRETE I.
& I. CO. ET AL., CROSS-APPELLANTS.

[FILED MAY 18, 1892.]

1. **Supreme Court Practice:** CROSS-APPEAL: FILING TRAN-
SCRIPT. Where a party appeals to the supreme court and a
transcript is filed within the time fixed by statute, the transcript
is available to both parties, and if a cross-appeal is taken, may
be used on the hearing of such cross-appeal, and the failure to
serve notice, required by the rule, will not justify the court in
dismissing the cross-appeal upon the voluntary dismissal by the
appellant of his appeal.

2. ——: ——: FAILURE TO MOVE FOR A NEW TRIAL. The fail-
ure of a plaintiff in error to move for a new trial in the district
court, while it will prevent a review of the proceedings on the
trial, is not ground to strike the proceedings in error from the
files.

3. ——— : APPEAL: ERROR: ELECTION.   *Held*, That no sufficient cause was shown to justify the court in requiring the cross-appellant to elect as to the form of his action.

MOTION to dismiss cross-appeal, quash bill of exceptions, and compel an election.

*J. R. Webster*, for the motion:

The appeal sought now to be docketed here is in no sense a "cross-appeal," because it does not affect appellants Kent and Tarr. (*Emerick v. Armstrong*, 1 O., 513; *Ewers v. Rutledge*, 4 O. St., 210; *Lowrenz v. Penn*, 10 W. L. J. [O.], 75; *Glass v. Greathouse*, 20 O., 512; *Hamilton v. Whitney*, 19 Neb., 307.) An appellant may dismiss his appeal, notwithstanding his adversary has also appealed. (*Berggren v. R. Co.*, 23 Neb., 620; *Latham's Appeal*, 9 Wall. [U. S.], 145; *Bacon v. Lawrence*, 26 Ill., 53; *Goodenow v. Perry*, 12 Ia., 350; *Fall River R. Co. v. Chase*, 125 Mass., 483.) Appeal is not a common law, but a statutory remedy, and the statute must be strictly complied with. (*State v. Meeker*, 19 Neb., 450; *R. Co. v. Van Dusen*, 6 Id., 161; 3 Bouvier, Inst., 70; *Wilcox v. Saunders*, 4 Neb., 572.)

*Chas. Offutt (John L. Webster* with him), *contra:*

The decree was an entirety, and filing the complete transcript of the record by any one was a filing by all who excepted to the decree. (*Wolf v. Murphy*, 21 Neb., 472; *Curten v. Atkinson*, 29 Id., 619; *Hapgood v. Ellis*, 11 Id., 131; *Carlow v. Aultman*, 28 Id., 675.) Filing the transcript perfected the appeal. (*Gifford v. R. Co.*, 20 Neb., 542; *R. V. R. Co. v. Linn*, 15 Id., 234; *Schuyler v. Hanna*, 28 Id., 601; *Benson v. Michael*, 29 Id., 131.) As to the petition in error: *Smith v. Gibson*, 25 Neb., 514; *White v. Blum*, 4 Id., 557; Cook, Stockholders, sec. 124; *Parker v. Courtnay*, 28 Neb., 605. A bill of exceptions

will never be quashed for want of motion for new trial. (*Phœnix Ins. Co. v. Readinger*, 28 Neb., 587; *Bradford v. Higgins*, 31 Id., 192; *Scott v. Waldeck*, 11 Id., 526; *Donovan v. Sherwin*, 16 Id., 130; *Seward v. Klenck*, 30 Id., 775.)

MAXWELL, CH. J.

This case is submitted on a motion as follows:

"Now comes Willard Kent and Horace G. H. Tarr, copartners as Willard Kent & Co., John Lanham and Joseph R. Webster, Bothen & Rodemaker, and Z. Waterman and move the court:

"First—To dismiss the appeal claimed to be taken by Crete Improvement & Investment Company, Johnson & Stevens, John R. Johnson and George D. Stevens, for the following reasons:

"1. Because they did not, on or prior to July 14, 1891, nor within six months prior to January 14, 1891, docket their appeal in this court as required by law.

"2. Because they did not, within the said period of six months after the decree, file any transcript of the record in this court.

"3. Because they did not, within said period of six months, issue any notice of appeal herein.

"Second—The said Willard Kent and Horace G. H. Tarr, copartners as Willard Kent & Co., Lanham & Webster, Bothen & Rodemaker, and Z. Waterman further move the court to strike from the files of this court in the proceedings had and taken by petition in error by said Crete Improvement & Investment Company, Johnson & Stevens, plaintiffs in error, the bill of exceptions of the evidence heard in the district court upon the following grounds:

"1. That said Crete Improvement & Investment Company, Johnson & Stevens, made no motion for new trial in the district court, and the bill of exceptions is, in this court, therefore, impertinent and not subject to review.

"2. Because said bill of exceptions was not served upon John Hawke, the defendant in error, nor on his counsel, he being one of the parties in the district court, and the evidence cannot be reviewed as to him, and therefore cannot be reviewed as to any of the defendants.

"Third—The defendants joining in this motion further move the court to require said Crete Improvement & Investment Company, Johnson & Stevens, to elect in which manner they will proceed, whether they will stand upon and proceed in error, or whether they will stand upon and proceed under their claim of appeal, for the following reasons:

"1. That a proceeding in error is a distinct action, originating in this court, and is not the action brought in the district court, and an appeal is a further step in the same action brought in the district court, so that said Crete Improvement & Investment Company, Johnson & Stevens, vex and harass these defendants with two distinct actions and proceedings, one at law in error, and claim also to have pending the former action in equity on appeal, both prosecuted at the same time of and concerning the same controversy.

"2. Unless said Crete Improvement & Investment Company, Johnson & Stevens, do elect, these defendants move the court that both proceedings be struck from the docket and dismissed at their costs."

There are three points contained in the motion: First, to dismiss the appeal for the reasons stated; second, to dismiss the proceedings in error, and third, to require the appellants to elect, etc. The question presented in the first ground of the motion is this: May a party in an action, who has taken a cross-appeal, avail himself of the transcript of the appellant? The question has been decided by this court a number of times, and always in the affirmative. In *Taylor v. Courtnay*, 15 Neb., 190, the action was brought by Courtnay to recover the possession of lot 18 in block 56,

in the city of Lincoln. Manning, a former owner, was permitted to intervene. On the trial a decree was rendered in favor of the defendant. The plaintiff appealed, and it was held that the interests of the parties were so joined together that the appeal of Taylor brought the case up as to Manning. This phase of the case is not referred to in the opinion, because it was settled on a preliminary hearing. In U. P. Ry. v. Marston, 22 Neb., 721, a transcript was filed by the appellee within thirty days, and it was held that the court thereby acquired jurisdiction, and the same rule was applied in *Johnson v. Van Cleve*, 23 Neb., 560. In *R. V. R. Co. v. Linn*, 15 Neb., 234, it was held that where each party appealed to the district court, a motion by the defendant to dismiss the plaintiff's appeal for want of notice thereof would be overruled. In the late case of *Reynolds v. Dietz, ante*, p. 265, it was held that where the interests of all the parties were so connected that the appeal brought up the whole case, the failure to serve the bill of exceptions upon the several defendants so that no unfair means had been resorted to, to obtain the same, was not sufficient cause for quashing the bill of exceptions.

Second—In an action at law, in order to obtain a review of the proceedings on the trial, it is necessary that a motion for a new trial be filed and overruled. There may be material defects in the pleadings, however, which may be taken advantage of without such motion and thus all the relief desired obtained. The court will not therefore dismiss the proceedings in error because of the failure to file such motion.

Third—We do not understand that the mere filing of assignments of error changes the character of the action. This, while not necessary, is frequently done in equity cases in order to show the points relied upon. The object in both proceedings is to obtain a review of the action of the trial court and the correction of such errors as may

appear in the record. It is clear that this is a cross-appeal and no election is necessary. It is evident that the grounds assigned were not well taken and the motion is

OVERRULED.

The other judges concur.