## In re MATHESON'S ESTATE.

First Division.   Juneau.   February 21, 1925.

No. 2454–A.

1. **Courts ☜202(5)—Appeal and Error—Appeal from Probate Court.**
      The probate court in Wrangell precinct, on September 16, 1924, denied the petition of the National Surety Company, asking for supplemental report in a probate case. The rules of the district court require that an appeal shall be taken in probate case within 30 days from the entry of the order or decree, and require the probate court to transmit the record on appeal within 30 days thereafter, and provide that, if the justice shall fail to forward the record in time, application may be made for an extension of not exceeding 90 days. On motion to dismiss an appeal because the time for taking the appeal had expired, *held*, that the proofs showed there was reasonable diligence on the part of the appellant to comply with the law; that the failure to do so was owing to the absence of the probate judge from the territory. Finally the transcript was filed within the 90 days allowed by rule for bringing up the record; motion to dismiss appeal denied.

2. **Courts ☜198, 202(5)—Probate Court in Alaska is a Court of Record—Record on Appeal.**
      The probate court in Alaska is a court of record, and a transcript of the record, and not the original record, should be forwarded as part of the appeal.

3. **Courts ☜202(5)—Appeal and Error—Record on Appeal from Probate Court may be Amended.**
      Where the transcript on appeal from the probate court is defective, it may be amended to show the dates of filing, in the probate court, of the various papers, and in other respects wherein it is defective.


This matter comes up on motion by the guardian of the minor heirs of F. Matheson, deceased, to dismiss the appeal of the National Surety Company from an order of the probate court of Wrangell precinct, denying the petition of the National Surety Company, surety on the bond of Mabel Matheson Patterson, administratrix of the estate of F. Matheson, deceased, for an order requiring the administratrix to make a supplemental report of matters alleged to have been omitted from her final report and of collections made subsequent to the filing thereof, which matters are specifically set forth in the petition, and also to strike the affidavit of Simon Hellenthal relative to the date

of filing of the appeal and exceptions to the order of the probate court.

The case was heard before the commissioner at Wrangell on September 16, 1924, on demurrer to the petition filed by the guardian of the children and administratrix of the estate of F. Matheson. The demurrer was sustained and a final order entered, denying the petition, and is before me on the motion to dismiss the appeal taken therefrom.

Rule 33 of this court requires that an appeal in a probate case shall be taken within 30 days from the entry of the order or decree appealed from, and requires the probate court to transmit the record in the case to the clerk of this court within 30 days thereafter, and that, should he so fail to transmit the record within 30 days, the appellant, by application to the judge or court, may obtain an extension of time for filing the record in the court not exceeding 90 days.

The transcript in this case appears to have been filed in this court on January 13, 1925, and consists of the copy of the original petition, the demurrer of the guardian, the demurrer of the administratrix, a certified copy of the original order sustaining the demurrer and denying the petition, a paper denominated "Exceptions of the National Surety Company," which is, in effect, a notice of appeal, and a recitation of the exceptions of the National Surety Company, purporting to be signed by Hellenthal & Hellenthal, attorneys for the National Surety Company. All these papers are certified to as being true copies of the originals in the office of the probate court of Wrangell precinct on December 31, 1924, by Wm. G. Thomas, commissioner and ex officio probate judge. It, however, does not appear from the papers when the exceptions and appeal notice were filed in the probate court. There is, however, a notation thereon that on October 6, 1924, service was made on James Wickersham, attorney for the guardian.

On February 6, 1925, the guardian, by his attorney, moved to dismiss the appeal, setting forth several grounds therefor, practically as follows: That no notice of appeal, as required by rule 33 of this court, was served on the parties ·or filed in the probate court, and that no allowance of appeal was ever entered by the probate court; that the transcript on appeal was not filed within the time required by rule 33, nor was there any application made for an extension of time as required by

said rule; that no transcript of the record was ever filed herein, and that the original record, pleadings, and papers are not on file, and were not filed in this court with the said pretended transcript.

The attorneys for the National Surety Company, after motion was made to dismiss the appeal, filed the affidavit of S. Hellenthal, setting forth that notice of appeal was prepared and served on James Wickersham, attorney for the guardian, and a copy mailed to the administratrix on October 6, 1924, and that the original notice was mailed to the probate judge of Wrangell precinct on the same day; that on November 5, 1924, the affiant wrote to W. G. Thomas, probate judge of Wrangell precinct, and in the latter part of November received the following:

"Exceptions National Surety Company, in the matter of the estate of F. Matheson, deceased, received and filed and entered this 13th day of October, 1924, and made a part of the proceedings in the case of F. Matheson, deceased, versus National Surety Company.

"[Signed]                    Wm. G. Thomas, Probate Judge."

The affidavit further contains extracts from letters of Commissioner Thomas, showing that the latter was absent from the territory the greater part of the period during which the time fixed by rule 33 for filing the transcript began to run, and that the attorneys for the surety company used due diligence to procure the transcript within that time, but were unable to do so by reason of the absence of the commissioner and probate judge from Wrangell and the infrequent mails.

It is this affidavit that the attorney for the guardian moves to strike.

James Wickersham and Harry F. Morton, both of Juneau, for the motion.

Hellenthal & Hellenthal, of Juneau, opposed.

REED, District Judge. Considering the motion and the affidavit, I think that the motion to strike should be denied, for the reason that the affidavit shows that there was persistent effort on the part of the attorneys for the surety company to secure the transcript. While rule 33 requires that, in case of failure or neglect of the commissioner to transmit the record, the appellant may obtain an extension of time for filing the same by making application to the court or the judge, it does not

appear that such extension was asked for. It is on this ground that objection is made to the affidavit.

The transcript of the record does not show the date of the filing of notice of appeal, nor, in fact, of any of the papers. The affidavit of Simon Hellenthal shows that the appeal and exceptions were filed on October 13, 1924, within 30 days of the date of the order denying the petition. According to the rule, the commissioner had until November 12th to send in the record. On November 5th, Simon Hellenthal, according to the affidavit, wrote the commissioner about the delay in forwarding the record, and received word that Thomas was absent and that a temporary appointee was filling his position. The attorney then prepared copies and sent them to the commissioner on December 4th for comparison and certification. They were not returned, however, until January 13, 1925.

While the attorneys for the appellant may have been neglectful in not complying with the rule, in not obtaining an order for further time to present the record, nevertheless it appears that diligence was used in seeking to get the record before this court, and, had the attorney at any time, within the 90 days allowed by the rule, made application to this court, the court would undoubtedly have granted the extension of time upon his simple statement, showing that the probate judge was absent from the district and that he was unable to secure a proper transcript. Finally the transcript was filed within 90 days after November 12th, the time in which the probate judge was required to transmit the transcript and within the extension of time provided by the rule.

The motive of the rule relied on by the attorney for the guardian is to secure diligence in perfecting appeals from the probate court, because of the lack of any direct statutory regulation in that regard. The record, such as it is, was filed on January 13th, and the motion to dismiss was not filed within the 90 days allowed by the rule, but was filed on February 6th, long after the transcript was filed. It seems to me it would be a hardship on appellant to dismiss his appeal where, through no fault of his own, but entirely through the failure, absence, or neglect of the commissioner, the transcript was not filed within the time provided by the rule, especially after a showing of due diligence by the appellant to comply with the rule in filing the transcript, and that the same was filed before any step was

taken to dismiss. The general rule seems to be that in such cases the appeal will not be dismissed. U. S. v. Adams, 6 Wall. (73 U. S.) 101, 18 L. Ed. 792; Burns v. Keas, 20 Iowa, 16; Mount v. Van Ness, 34 N. J. Eq. 527; Cheney v. Buckmaster, 29 Neb. 420, 45 N. W. 640. ·

The point is made that the original record was not forwarded. As I view it, the probate court is a court of record, and a transcript of the record, and not the original record, should be forwarded as part of the appeal.

The transcript itself, as I said before, is defective, and should be amended to show the dates of the filing, in the probate court, of the various papers. On a showing in that regard, upon suggestion to the court, the court would, of necessity, order that the transcript be amended in that and other respects wherein it is defective. Such as it is, I deem the transcript sufficient in itself to deny the motion to dismiss the same.

Let an order be prepared accordingly.