THOMAS W. MOFFITT, APPELLEE, V. GERTRUDE D. REED, APPELLANT AND CROSS-APPELLEE: VERNETTA MARIE HANSEN ET AL., APPELLEES, CROSS-APPELLANTS AND CROSS-APPELLEES: CORA A. BERGE ET AL., CROSS-APPELLANTS.

FILED JUNE 22, 1932. No. 28318.

*Gertrude D. Reed, pro se.*

*Walter L. Anderson,* for appellee Moffitt.

*Glen H. Foe,* for cross-appellants Berge *et al.*

*Herman N. Mattley* and *Walton B. Roberts*,. for cross-appellants Hansen *et al.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

ROSE, J.

Gertrude D. Reed, defendant and appellant, presented a motion to strike from the record purported cross-appeals by Cora A. Berge, Wendell Berge, Eleanor Berge and Herman N. Mattley on the grounds that they are not parties to the appeal and that the supreme court is without jurisdiction to hear their complaints. .

In the district court for Lancaster county Thomas W. Moffitt, plaintiff, brought the action at bar to foreclose a tax lien on a tract of land claimed by Reed.. The Berges named, as heirs of George W. Berge, deceased, filed in the foreclosure suit a cross-petition to establish and enforce a lien on the Reed land in the sum of $100 for attorney fees. For the same purpose Mattley filed a cross-petition for an attorney's fee of $40. December 3, 1931, the trial court rendered a decree against Reed for the foreclosure of plaintiff's tax lien and at the same time dismissed the cross-petitions of the Berges and Mattley. For a new trial Reed filed motions which were overruled December 12, 1931. She appealed and filed her transcript in the supreme court February 29, 1932, within the time allowed by law. In præcipes filed March 11, 1932, the Berges and Mattley directed the clerk of the supreme court to enter cross-appeals from the judgment rendered December 12, 1931. Should the motion to strike these cross-appeals from the record be sustained?

When the præcipes were filed the Berges and Mattley were not appellants or appellees. Reed did not make them parties to her appeal. In the controversy between her and them the judgment of the district court was in her favor and she had no occasion to appeal from it. Before filing their præcipes the Berges and Mattley had not appeared in the supreme court as appellants, though their

causes of action in the district court had been dismissed by a final decree. There is nothing in Reed's transcript to show that a valid judgment could have been entered in favor of the Berges or Mattley in either court or that they have any valid claim for relief. The pleadings on which they relied for relief in the lower court were not brought to the appellate court by Reed. It has long been a rule of practice that appellant's transcript is available to an appellee who has been made a party to the appeal. *Shickle v. Kent,* 34 Neb. 568; *McDonald v. Buckstaff,* 56 Neb. 88. This rule, however, does not extend to the case at bar, where the parties claiming to be cross-appellants were cross-petitioners in the trial court, were defeated there, did not appeal, were not made parties in the appellate court, and where appellant's transcript fails to show any pleadings upon which either court could grant them relief. While the filing of a transcript confers on the supreme court jurisdiction of the parties to the appeal, this jurisdiction does not extend to persons who are not parties to the appeal and who are not shown by appellant's transcript to have a litigable right or interest in the appellate proceeding.

In the situation outlined the Berges and Mattley have asked permission to file an additional transcript containing copies of their cross-petitions in the district court. The remedy suggested is unavailing, because the supreme court did not acquire jurisdiction of their cross-appeals by the filing of Reed's transcript and because their offer to file an additional transcript was made after the statutory period of three months for doing so had expired. Their præcipes show they intended to take cross-appeals from the order overruling the motion for a new trial December 12, 1931, and they did not tender their additional transcript until April 18, 1932. Permission to file it is therefore denied and the motion to strike from the record their purported cross-appeals is sustained for want of jurisdiction.

JUDGMENT ACCORDINGLY.