STATE OF NEBRASKA, APPELLANT,
V. ASUNCION RUIZ-MEDINA, APPELLEE.
597 N.W.2d 403

Filed July 13, 1999.   No. A-99-087.

Robert J. Cashoili, Deputy Hall County Attorney, for appellant.

James R. Mowbray and Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, for appellee.

Don Stenberg, Attorney General, and J. Kirk Brown as amicus curiae.

Irwin, Chief Judge.

## I. INTRODUCTION

The State brings this appeal from an order of the district court granting Asuncion Ruiz-Medina's motion to suppress physical evidence. Because I conclude that the State failed to comply with the statutory requirements for docketing an appeal in this court, the case is dismissed for lack of jurisdiction.

## II. BACKGROUND

On September 9, 1998, an information was filed with the district court alleging that Ruiz-Medina had committed the offenses of murder in the first degree and use of a deadly weapon in the commission of a felony. On December 29, Ruiz-Medina filed a motion to suppress physical evidence seized from his home through the execution of a search warrant because the warrant was served outside the statutorily prescribed time for a daytime search and the warrant was limited to daytime service.

On January 21, 1999, a hearing was held on Ruiz-Medina's motion to suppress. The court made findings of fact orally at the conclusion of the hearing. The court granted the motion to suppress. The court gave the State until January 22 to file a notice in the district court of intent to seek appellate court review of the ruling. The court also gave the State until February 5 to file the application for review with the Clerk of the Supreme Court and Court of Appeals.

It appears that on February 2, 1999, a "bill of exceptions" was filed in the district court. On February 3, the State's application for summary review was filed in this court. The application stated that "[a]ttached hereto is a copy of the District Court's Journal Entry and a transcript of all evidence certified by the District Court as considered in its ruling of the motion." However, no such transcript of the testimony and evidence from the hearing on the motion to suppress was attached to the motion. A notice of the filing of the bill of exceptions in the district court was filed by the clerk of this court on February 4. However, the State did not file a copy of the bill of exceptions in this court.

On February 11, 1999, this court dismissed the appeal "because the application was not filed with the [C]lerk of the Supreme Court within the time specified by the district court." A motion for rehearing was granted in this case, and the case proceeded to argument.

## III. ASSIGNMENTS OF ERROR

On appeal, the State has assigned four errors which concern the merits of the district court's ruling on the motion to suppress. Because this case is disposed of on jurisdictional grounds, the other assigned errors will not be listed.

## IV. ANALYSIS

■ Neb. Rev. Stat. § 29-824 (Cum. Supp. 1998) provides the State with the specific right of appealing a district court's ruling granting a motion to suppress. Neb. Rev. Stat. § 29-825 (Cum. Supp. 1998) outlines the application process in this court. Neb. Rev. Stat. § 29-826 (Cum. Supp. 1998) gives the district court the authority to establish time limits for the State to file a notice of intent to seek review in the clerk of the district court's office and to file the application in the clerk of this court's office.

■ Pursuant to § 29-826, the district court in the present case gave the State until January 22, 1999, to file the notice with the clerk of the district court. The court also gave the State until February 5 to file the application for review with the clerk of this court. Section 29-825 provides that the "application for review . . . shall be accompanied by a copy of the order of the trial court granting the motion to suppress and a transcript of all of the evidence, including affidavits, considered by the trial court in its ruling on the motion, and so certified by the trial court."

In the present case, the State filed the application with the clerk of this court in a timely fashion. However, the State's application was not "accompanied" by a transcript of all of the evidence considered by the district court in its ruling on the motion. It appears that the State attempted to comply with this requirement by requesting a bill of exceptions and filing a bill of exceptions with the clerk of the district court. Without specifically addressing the question of whether a bill of exceptions is

appropriate for compliance with the statutory mandates of § 29-825, I note that in the present case, the State failed to file the prepared bill of exceptions with this court prior to February 5, 1999, although it is apparent from the record that such was completed and filed with the clerk of the district court on February 2. The statute specifically requires the appealing party to file the relevant documents with the clerk of this court, not the clerk of the district court. See § 29-825. Because the State failed to properly file a transcript of the relevant evidence with this court, the appeal for lack of jurisdiction must be dismissed. See §§ 29-825 and 29-826.

Ruiz-Medina has specifically raised a separate question concerning our jurisdiction of this case. Ruiz-Medina asserts that pursuant to the Nebraska Constitution, all appeals involving capital cases are to be heard by the Supreme Court. See Neb. Const. art. I, § 23. Ruiz-Medina asserts that § 29-825 cannot confer jurisdiction on the Court of Appeals to hear the matter. In light of the disposition on other jurisdictional grounds, the issue raised by Ruiz-Medina need not be decided.

## V. CONCLUSION

Because the State failed to properly comply with the statutory requisites for this court's jurisdiction over the instant case, the appeal is dismissed.

APPEAL DISMISSED.