767 N.W.2d 809 (2009)
17 Neb. App. 589
STATE of Nebraska, appellant,
v.
Eric A. RITZ, appellee.
No. A-08-399.
Court of Appeals of Nebraska.
May 12, 2009.
*810 Thomas P. Herzog, Holt County Attorney, O'Neill, for appellant.
Gregory G. Jensen, P.C., L.L.O., Taylor, for appellee.
IRWIN, CARLSON, and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
This is an error proceeding brought by the State, pursuant to Neb.Rev.Stat. § 29-2315.01 (Reissue 2008). The State alleges that the district court erred in sentencing Eric A. Ritz to 60 days in jail upon his conviction for issuing a bad check, a Class III felony. The State asserts that the mandatory minimum sentence for a Class III felony is 1 year's incarceration. We conclude that this court is without jurisdiction in this matter and, accordingly, dismiss the State's appeal.

II. BACKGROUND
On September 13, 2004, Ritz pled guilty to issuing a bad check, a Class III felony. The district court sentenced Ritz to a 2-year term of probation.
Approximately 1 year after Ritz' conviction and sentence, the State filed an information and affidavit alleging that Ritz had violated the conditions of his probation. Ritz pled no contest to the allegations in the information, and the district court extended *811 his term of probation through November 22, 2007.
On March 15, 2006, the State filed another information and affidavit alleging that Ritz had violated the conditions of his probation. Ritz admitted to the allegations in the information, and the district court again extended his term of probation. The probation term was extended through September 2008.
On August 28, 2007, the State filed a third information and affidavit alleging that Ritz had violated the conditions of his probation. Ritz pled no contest to the allegations in the information. Subsequently, on January 14, 2008, the district court revoked Ritz' probation and sentenced him to 60 days in jail on the original charge of issuing a bad check.
On January 16, 2008, 2 days after the sentencing order was filed, Ritz filed a motion to amend the sentence, which motion he captioned as a "Motion for Amendment to Sentencing Order." In the motion, Ritz requested that the district court amend the previous sentencing order to permit him to serve 30 days of his sentence at a residential treatment center for alcohol abuse.
On January 17, 2008, the day after Ritz filed his motion to amend the sentencing order, the State filed its application for leave to docket an appeal, pursuant to § 29-2315.01. The State alleged that the district court erred in sentencing Ritz to 60 days in jail when the minimum sentence for a Class III felony was 1 year's imprisonment.
On January 28, 2008, the district court held a hearing wherein the court granted Ritz' request to amend the sentencing order and granted its approval for the State's request for leave to docket an appeal.
We subsequently granted the State's application for leave to docket an appeal. After the parties filed their briefs on appeal, but prior to oral arguments, Ritz filed a motion to dismiss the appeal because of lack of jurisdiction in this court. Ritz alleged that the State's application for leave to docket an appeal was not timely, because it was filed prior to the entry of the final order. Ritz alleged that the final order was the amended sentencing order, entered on January 29, 2008, rather than the original sentencing order entered on January 14, 2008.
In an order filed December 1, 2008, we directed the parties to file supplemental briefs on the question of whether the State's application for leave to docket an appeal was timely filed. We have considered the parties' supplemental briefs, and we address in the analysis portion of this opinion the jurisdictional question raised in Ritz' motion to dismiss.

III. ASSIGNMENT OF ERROR
The State contends that the district court erred in failing to impose the mandatory minimum sentence of 1 year's incarceration upon a conviction for a Class III felony.

IV. ANALYSIS
[1, 2] In his motion to dismiss, Ritz raises the issue of whether this court has jurisdiction over the State's appeal. Ritz argues that this court lacks jurisdiction because the State failed to timely file an intent to prosecute appeal from the date of the "final" sentencing order. In light of Ritz' assertions and in light of the issue presented by the timing of the State's application for leave to docket an appeal, we must first determine whether we have jurisdiction to decide the issue presented in the instant case. Before reaching the legal issues presented for review, it is the *812 duty of an appellate court to determine whether it has jurisdiction over the matter before it. See State v. Wieczorek, 252 Neb. 705, 565 N.W.2d 481 (1997).
[3] In the absence of a specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. Id. Section 29-2315.01 grants the State the right to seek appellate review of adverse criminal rulings and specifies the special procedure by which to obtain such review. State v. Wieczorek, supra. Section 29-2315.01 provides in pertinent part:
The prosecuting attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made. Such application shall contain a copy of the ruling or decision complained of, the basis and reasons for objection thereto, and a statement by the prosecuting attorney as to the part of the record he or she proposes to present to the appellate court. Such application shall be presented to the trial court within twenty days after the final order is entered in the cause, and upon presentation, if the trial court finds it is in conformity with the truth, the judge of the trial court shall sign the same and shall further indicate thereon whether in his or her opinion the part of the record which the prosecuting attorney proposes to present to the appellate court is adequate for a proper consideration of the matter. The prosecuting attorney shall then present such application to the appellate court within thirty days from the date of the final order.
(Emphasis supplied.)
[4, 5] Timeliness of an appeal is a jurisdictional necessity. State v. Wieczorek, supra. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. Id. By its terms, § 29-2315.01 does not permit an appeal by the State from any interlocutory ruling of the trial court in a criminal proceeding. This is consistent with the longstanding principle of avoiding piecemeal appeals arising out of one operative set of facts. State v. Wieczorek, supra.
In this case, Ritz was sentenced on January 14, 2008. Two days later, on January 16, Ritz filed a motion to amend the sentencing order. On January 28, the district court granted Ritz' motion to amend the sentencing order.
On January 17, 2008, the State filed its application for leave to docket an appeal, I day after Ritz filed his motion to amend the sentencing order and approximately 11 days before the district court granted Ritz' motion to amend and altered the previous sentencing order. Thus, we are confronted with the question of whether a final order had been entered prior to the date on which the State filed its application for leave to docket an appeal.
[6, 7] A judgment entered during the pendency of a criminal cause is final only when no further action is required to completely dispose of the cause pending. State v. Dunlap, 271 Neb. 314, 710 N.W.2d 873 (2006). The test of finality of an order or judgment for the purpose of appeal is whether the particular proceeding or action was terminated by the order or judgment. Id.
On January 17, 2008, the State filed its application for leave to docket an appeal, I day after Ritz filed a motion to amend the sentencing order. As such, the State filed its application during a time in which further action was necessary to completely dispose of the cause pending in the *813 district court. The case was not completely disposed of until the district court ruled on Ritz' motion to amend the sentencing order. Accordingly, the State's application was premature and failed to comply with the jurisdiction requirements of § 29-2315.01.
The State argues that the original sentencing order was a final order because Ritz' motion to amend the sentencing order "did not seek substantive alteration of the judgment." Supplemental brief for appellant at 4-5. The State appears to base its argument solely on Neb.Rev.Stat. §§ 25-1912 and 25-1329 (Reissue 2008), which address the finality of orders in civil cases.
We decline to specifically address whether the practices and procedures for determining whether an order is final in civil cases apply to an action brought by the State pursuant to § 29-2315.01. Rather, we find that the State's assertion that Ritz' motion did not seek substantive alteration of the judgment but merely sought to correct a clerical error or sought relief collateral to the judgment is without merit. Ritz' motion requested a substantive alteration to the district court's prior sentencing order. Ritz sought to amend the terms of the sentence imposed on him by the district court. Because Ritz' motion requested such a substantive alteration, the case was not completely disposed of until the district court ruled on Ritz' motion to amend the sentencing order.

V. CONCLUSION
The January 14, 2008, sentencing order was not a final order. Because Ritz filed a motion to amend that sentencing order, further action was required to completely dispose of the case. The case was finally disposed of on January 29, when the district court granted Ritz' motion to amend. Accordingly, the State's application for leave to docket an appeal filed on January 17, 2008, was premature. Because the State did not appeal from a final order as is required by § 29-2315.01, we lack jurisdiction over this appeal. When an appellate court is without jurisdiction to act, the appeal must be dismissed. State v. Dunlap, supra. Therefore, we dismiss this appeal.
APPEAL DISMISSED.