State of Nebraska, appellant, v.
Edward E. Hood, appellee.
___ N.W.2d ___

Filed August 25, 2015.    No. A-15-199.

1. **Criminal Law: Judgments: Appeal and Error.** In the absence of a specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case.
2. **Motions to Suppress: Appeal and Error.** Neb. Rev. Stat. § 29-824 (Reissue 2008) provides the State with the specific right of appealing a district court's ruling granting a motion to suppress.
3. ____: ____. Neb. Rev. Stat. § 29-825 (Reissue 2008) outlines the process for filing with the appellate court an application of review of an order granting a motion to suppress.
4. **Motions to Suppress: Time: Appeal and Error.** Neb. Rev. Stat. § 29-826 (Reissue 2008) gives the district court the authority to establish time limits for the State to file a notice of intent with the clerk of the district court seeking review of an order granting a motion to suppress and to file the application with the appellate court.
5. **Jurisdiction: Time: Appeal and Error.** Timeliness of an appeal is a jurisdictional necessity.
6. **Legislature: Courts: Time: Appeal and Error.** When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly.

Appeal from the District Court for Garden County: Derek C. Weimer, Judge. Appeal dismissed.

Greg M. Ariza, Special Deputy Garden County Attorney, for appellant.

No appearance for appellee.

Inbody, Pirtle, and Bishop, Judges.

Pirtle, Judge.

## INTRODUCTION

The State of Nebraska brings this appeal from an order of the Garden County District Court granting Edward E. Hood's motion to suppress evidence. Because we conclude that the State failed to comply with the statutory requirements for docketing an appeal in this court, the case is dismissed for lack of jurisdiction.

## BACKGROUND

The State has filed an application for review of a district court order granting Hood's motion to suppress. The suppression order was entered on February 27, 2015. The State timely filed a notice of intent to appeal on March 4, pursuant to Neb. Rev. Stat. § 29-826 (Reissue 2008). At that point, the State had 30 days, or until April 3, in which to file its application for review with the consent of the Attorney General. See Neb. Rev. Stat. § 29-825 (Reissue 2008). It did so on April 1. However, § 29-825 requires that the application be accompanied by a copy of the suppression order and "a bill of exceptions containing all of the evidence."

It also appears that while the State had filed a praecipe for a bill of exceptions and its application for review stated it was attaching the bill of exceptions, it did not file the actual bill of exceptions with the clerk of the Court of Appeals until April 7, 2015.

On May 11, 2015, a show cause order was issued giving the State 15 days to file a response, to include a supporting affidavit or affidavits, if necessary, specifically addressing why the bill of exceptions was not timely filed in this matter, or otherwise show cause why this appeal should not be dismissed for lack of jurisdiction pursuant to Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2012).

On May 18, 2015, the State filed its response to the show cause order and attached the affidavit of the court reporter, wherein she stated as follows:

On March 4, 2015, I received the State's Praecipe for Bill of Exceptions to include transcripts and exhibits for hearings held October 6, 2014 and February 17, 2015 to be filed with the Clerk of the Supreme Court of Nebraska.

. . . I filed the bill of exceptions with the Garden County District Court on April 6, 2015; and filed the bill of exceptions with the Court of Appeals on April 7, 2015, by electronic mail.

. . . My understanding was the bill of exceptions was to be completed within seven (7) weeks after the filing of a notice of appeal, April 22, 2015, pursuant to Neb. R. of Appellate Practice § 2-105.

In fact, our record confirms that the court reporter's e-mail with the bill of exceptions was sent on April 7, 2015, at 5:11 p.m. Thus, the question before us is whether the State's failure to file the bill of exceptions in this matter on or before April 3, in compliance with Neb. Rev. Stat. § 29-824 et seq. (Reissue 2008), requires us to dismiss the appeal for lack of jurisdiction.

## ANALYSIS

[1-4] In the absence of a specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997); *State v. Ritz*, 17 Neb. App. 589, 767 N.W.2d 809 (2009). Section 29-824 provides the State with the specific right of appealing a district court's ruling granting a motion to suppress. Section 29-825 outlines the process for filing with the appellate court an application of review of an order granting a motion to suppress. Section 29-826 gives the district court the authority to establish time limits for the State to file a notice of intent with the clerk of the district

court seeking review of an order granting a motion to suppress and to file the application with the appellate court.

In the present case, the suppression order was entered on February 27, 2015. The State timely filed a notice of intent to appeal on March 4, pursuant to § 29-826. At that point, the State had 30 days, or until April 3, in which to file its application for review with the consent of the Attorney General. See § 29-825. It did so on April 1. However, the application must be accompanied by a copy of the suppression order and "a bill of exceptions containing all of the evidence," pursuant to §§ 29-824 and 29-825. While the State timely filed a praecipe for a bill of exceptions and its application for review stated that it was attaching the bill of exceptions, it had not filed the actual bill of exceptions on or before April 3.

It appears that the State attempted to comply with this requirement by requesting a bill of exceptions with the clerk of the district court. Without specifically addressing the question of whether a request for a bill of exceptions is appropriate for compliance with the statutory mandates of § 29-825, we note that in the present case, the State failed to file the prepared bill of exceptions with this court by April 3, 2015. The only reason given for this, apparently, is the court reporter's statement in her affidavit that she believed she had 7 weeks instead of 30 days to complete and file the bill of exceptions with the clerk of the appellate court. The statute specifically requires the appealing party, not the court reporter, to timely file the relevant documents with the clerk of the appellate court. See § 29-825. Therefore, a misunderstanding by the court reporter in these circumstances does not excuse the appealing party's responsibility for timely compliance with the requirements of the statute.

The dissent asserts that "[e]ven had the State gone to the court reporter on the 30th day to obtain the bill of exceptions in order to file it, the bill of exceptions would not have been ready." On the other hand, had the State checked on the status of the bill of exceptions with the court reporter on the 21st,

25th, or even the 28th day, the court reporter's misunderstanding of the applicable law most likely would have been discovered and the 30-day deadline still capable of being met.

[5,6] Timeliness of an appeal is a jurisdictional necessity. *State v. Wieczorek, supra*; *State v. Ritz, supra*. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. *Id.*

## CONCLUSION

Because the State failed to timely file a bill of exceptions containing all of the evidence with this court by April 3, 2015, the appeal must be dismissed for lack of jurisdiction. See §§ 29-825 and 29-826.

APPEAL DISMISSED.

INBODY, Judge, dissenting.

I respectfully disagree with the majority's determination that the failure of the State to timely file the bill of exceptions as required by § 29-825 defeats jurisdiction in this court. Assuming, without deciding, that the filing of the bill of exceptions within 30 days of February 27, 2015, is a jurisdictional requirement, the specific facts surrounding the untimeliness of the filing of the bill of exceptions in this case were caused solely by the court reporter whose responsibility it was to timely prepare the bill of exceptions. Therefore, the failure of the State to timely file the bill of exceptions should not defeat the jurisdiction of this court. Case law supports this position.

In *Larson v. Wegner*, 120 Neb. 449, 233 N.W. 253 (1930), the Nebraska Supreme Court considered when the filing of a transcript on appeal from the district court to the Supreme Court was a jurisdictional requirement. The court noted that the general rule is that for the Supreme Court to acquire jurisdiction of an appeal, the transcript must be filed with the court within 3 months from the rendition of the final order. However, an appellant will not be deprived of an appeal where the appellant is free from neglect and was prevented from

having his appeal docketed by the appellate court within the statutory period through the neglect or failure of the proper officer to prepare the transcript. "[W]here the appellant has done all things necessary, he cannot be deprived of his appeal by the negligence or fault of the officers of the court whose duty it is to prepare the transcript." *Id*. at 451, 233 N.W. at 254. There is a caveat to the exception: If the appellant relies upon the court official to file the necessary transcript and perfect an appeal, where the filing is not the duty of the court official, the appellant makes the court official his agent for that purpose, and the negligence in filing or failing to file is that of the appellant. See *Larson v. Wegner, supra*. See, also, *Marcotte v. City of Omaha*, 196 Neb. 217, 220, 241 N.W.2d 838, 840 (1976) ("while the requirement . . . that 'a transcript of the proceedings containing the final judgment or order' be filed with the petition in error is jurisdictional, the inability of a petitioner in error, who has timely filed his petition to obtain and file the transcript, occasioned solely by the failure of the public official charged with responsibility for furnishing the transcript to perform his public duty, does not defeat the jurisdiction of the appellate court").

Cases where untimeliness has not been excused have included those where the appellant chooses the agent for delivery of the application, bond, or transcript for filing with the clerk, and, in these cases, the appellant bears the responsibility for the untimeliness of the filing. See, *Lopez v. IBP, inc.*, 264 Neb. 273, 646 N.W.2d 628 (2002) (appellant was not free from neglect in delay in filing application for review where appellant listed wrong address for clerk of Workers' Compensation Court, causing delay in delivery); *Drier v. Knowles Vans, Inc.*, 144 Neb. 619, 14 N.W.2d 222 (1944) (postal authorities' actions did not excuse appellant's untimely filed bond where appellant selected agent and placed burden upon that agent to search out and find justice to deliver required bond for appeal); *Larson v. Wegner, supra* (appellant selected U.S. mail to transport transcript to clerk of Supreme

Court and any negligence in untimely delivery of transcript was attributable to appellant who selected agent of transport and delivery); *U. P. R. R. Co. v. Marston*, 22 Neb. 721, 36 N.W. 153 (1888) (appellant's attorney's agreement with justice of peace for justice to file transcript in district court did not relieve appellant from consequence of justice's neglect to timely file transcript). See, also, *Marcotte v. City of Omaha, supra* (order dismissing appeal was correct where no reason appeared in record to excuse failure to timely file petition in error and certified copy of transcript).

Jurisdiction was also defeated by failure to timely file a transcript and certified order of the court in *Geller v. Elastic Stop Nut Corporation*, 147 Neb. 330, 23 N.W.2d 271 (1946), wherein the Nebraska Supreme Court held that the failure to timely file the aforementioned documents prevented the district court from acquiring jurisdiction of an appeal from the dismissal of a workers' compensation case. The Nebraska Supreme Court held that although the worker had filed a motion to include in the record on appeal to the district court a complete certified transcript of all the pleadings and orders in the compensation court, the transcript was filed out of time under the provisions of the relevant statute. Further, no showing was made that any officer of the compensation court caused a delay in his securing a certified transcript of the pleadings therein, including the order of said court appealed from, and the record reflected that the transcript had been certified within time to have permitted the worker to have perfected the appeal in the manner as required by statute.

In contrast, cases where untimeliness has been found not to defeat the jurisdiction of the appellate court have focused on the lack of culpability of the appellant. In *Liljehorn v. Fyfe*, 178 Neb. 532, 134 N.W.2d 230 (1965), the district court dismissed the appellants' appeal from county court because a purported transcript, although filed in 30 days, was not signed and certified by the county judge. The Nebraska Supreme Court stated:

There is no doubt that if the officer or judge undertakes to perform some act *not required of him,* he acts as agent of appellant and his neglect or failure is attributable to appellant himself. [Citations omitted.] But, where the default relates only to the failure of the officer to perform a duty imposed on him by law, the right to appeal is not destroyed by the failure to perfect the appeal in time. In such a case appeal may be had after the time fixed by statute and a proper transcript filed after term.

*Id.* at 535, 134 N.W.2d at 232.

The record showed on its face an "utter failure by the court to perform a mandatory statutory duty charged as the responsibility of the judge alone." *Id.* The appellants had no duty to perform in securing the signing and certification of the transcript, and the county judge performed the appellants' job of timely delivering the transcript to the clerk of the district court. The appellants "were not required to perform a futile act." *Id.* at 536, 134 N.W.2d at 232. "[O]fficial neglect cannot be excused by saying a properly prepared transcript would have been ready had appellants called in due time and made another demand." *Id.* "'[A] party cannot be deprived of his appeal by the wrong of the officer, when he is without fault himself.'" *Id.* at 536, 134 N.W.2d at 232-33.

In *Cheney v. Buckmaster*, 29 Neb. 420, 45 N.W. 640 (1890), an appeal was dismissed for lack of jurisdiction where the transcript was not filed within 30 days as required by statute, even though the transcript was ordered promptly by a party intending to appeal a judgment from county court to district court and the failure to promptly file was not on account of the carelessness or negligence of the appellants or their attorney, but the neglect of the county judge. In opposition to a motion to dismiss, the appellants offered the affidavit of the county court judge which stated, in part:

"At the time of the filing of the appeal [the appellant's] attorney[] demanded of me a transcript of the judgment docket of said case, and that I would have complied with

said demand within thirty days from the date of said
judgment was it not for the fact that I understood, until
after the expiration of thirty days from the date of said
judgment, that I had until the second day of the next term
of the district court for said county in which to make out
said transcript."

*Id.* at 422, 45 N.W. at 641.

The Nebraska Supreme Court reversed and reinstated the
appeal, noting that it did not appear the judge was to file the
transcript, that the appellant requested the county judge to
make a certified copy of the judgment on the fourth day after
trial, and that the appellant "had a right to expect that the
request would be complied with in ample time." *Id*. at 423, 45
N.W. at 641. The court stated, "While the law requires a suitor
to be diligent in perfecting his appeal, yet if, without any fail-
ure on his part he is prevented from doing so on account of the
failure of the proper officer to make out the transcript, he will
not be deprived of his right of appeal." *Id*.

Three years later, the Nebraska Supreme Court relied upon
*Cheney v. Buckmaster, supra*, in deciding *Omaha Coal, Coke
& Lime Co. v. Fay*, 37 Neb. 68, 55 N.W. 211 (1893), wherein
the appellants appealed to the district court but failed to
timely file a transcript. The Nebraska Supreme Court stated
in *Fay*:

[T]he case of *Cheney v. Buckmaster* . . . is authority for
holding that where a transcript was ordered promptly
a party intending to appeal is justified in relying upon
the presumption that it will be prepared within a proper
period, and that he cannot be deprived of his appeal
by the failure of the county judge to so prepare it. The
plaintiff in error ordered the transcript immediately upon
the rendition of judgment, and he was not required by
law to procure it, and file it in the district court within
any shorter time than thirty days after the rendition of
judgment. The transcript was not prepared within this
time, and even had the [appellant's] attorney not been ill,

> had he gone to the county judge to request the transcript
> upon the thirtieth day it would not have been ready.

37 Neb. at 71-72, 55 N.W. at 212. See, also, *Harte v. Gallagher*, 186 Neb. 141, 181 N.W.2d 251 (1970) (dismissal of appeal in probate case caused by county judge's failure to perform mandatory duty to timely prepare and transmit transcript to district court did not defeat appeal); *R. V. R. R. Co. v. McPherson*, 12 Neb. 480, 481, 11 N.W. 739, 740 (1882) (Nebraska Supreme Court affirmed district court's reinstatement of appeal where appellant "made every effort to perfect the appeal within the time limited by statute, but was prevented by the negligence, or failure to perform his duty, of the county judge" to make and deliver transcript to her).

In the instant case, the majority is deciding that the filing of the bill of exceptions within 30 days is jurisdictional. Neither the Nebraska Supreme Court nor a full panel of the Court of Appeals has decided this issue. Although the issue was addressed by one judge of this court in *State v. Ruiz-Medina*, 8 Neb. App. 529, 597 N.W.2d 403 (1999), decisions by one judge of this court or the Supreme Court are not binding and are not eligible to be cited as precedent. See *State v. White*, 220 Neb. 527, 371 N.W.2d 262 (1985). However, in order to proceed with the analysis, I will assume that the majority's determination of this issue is correct, without conceding this point.

The appellant timely filed his notice of intent to appeal and the praecipe for the bill of exceptions on March 4, 2015, and timely filed its application for review with the consent of the Attorney General on April 1. The appellant retained the responsibility for filing the bill of exceptions with the clerk of the Court of Appeals by April 3 but was prevented from doing so by the court reporter's failure to perform her mandatory duty to timely prepare the bill of exceptions. The court reporter's affidavit states that although she received the State's praecipe for the bill of exceptions on March 4, she believed that she had 7 weeks from the date of the filing of the notice

of appeal to complete the bill of exceptions in this case. Even had the State gone to the court reporter on the 30th day to obtain the bill of exceptions in order to file it, the bill of exceptions would not have been ready. Since there has been no negligence or carelessness on the part of the appellant in this case, the failure of the court reporter to perform her official duties does not deprive the appellant of his appeal. Although the majority places the burden on the appellant to call the reporter and check the progress of the bill of exceptions, "official neglect cannot be excused by saying a properly prepared transcript would have been ready had appellants called in due time and made another demand." *Liljehorn v. Fyfe*, 178 Neb. 532, 536, 134 N.W.2d 230, 232 (1965). The appellant timely filed his praecipe for the bill of exceptions on March 4, 2015, and "had a right to expect that the request would be complied with in ample time." See *Cheney v. Buckmaster*, 29 Neb. 420, 423, 45 N.W. 640, 641 (1890).

I would find that it would be wrong to deprive this court of jurisdiction under the specific facts surrounding the untimeliness of the filing of the bill of exceptions in this case, since it was caused solely by the court reporter, whose responsibility it was to timely prepare the bill of exceptions. Therefore, the filing of the bill of exceptions on April 7, 2015, which is more than 30 days after the February 27 entry of the suppression order, does not defeat the jurisdiction of this court.