JOSEPH MILLER, APPELLEE, V. S. B. CAMP, APPELLANT.

[FILED JANUARY 7, 1890.]

Justice's Court: APPEAL FROM: TIME.  Plaintiff filed his peti-
tion in the district court alleging that on the 14th day of Feb-
ruary, 1885, he commenced an action before a justice of the
peace in F. county against the defendant for the sum of $47, due
on final settlement between the parties; that defendant appeared
and obtained an adjournment until a time when plaintiff was
compelled to remove from the county, and that he abandoned
the suit, dismissed it, and paid the costs; that subsequent
thereto the defendant, in fraud of plaintiff's right, filed a coun-
ter-claim with the justice of the peace for $246, and fraudu-
lently obtained a judgment against plaintiff for $199, plaintiff
having in the meantime changed his residence to H. county;
that about one year and a half after the rendition of the judg-
ment he was first made aware of its existence by the levy upon
his property by the sheriff of the county of his residence; that
he had a complete defense to the claim of the defendant, and
had been damaged by the seizure of his property, etc.,—with
prayer for a decree setting aside the judgment, and for general
relief, and for judgment for $272.  It was *held*, that these facts,
if proven, would not authorize the district court to grant an ap-
peal from the judgment of the justice of the peace four years
after its rendition.

APPEAL from the district court for Fillmore county.
Tried below before MORRIS, J.

*F. B. Donisthorpe*, for appellant.

*Geo. E. Banks*, and *John D. Carson*, for appellee.

REESE, CH. J.

This action was instituted in the district court of Fill-
more county.   The petition was as follows :
" Plaintiff complains of the defendant and alleges :
" First—That on or about the 14th day of February,

1885, plaintiff commenced an action against defendant in the justice court before J. D. Hamilton, a justice of the peace in and for Geneva precinct, in Fillmore county, Nebraska, to recover the sum of ($47) forty-seven dollars, due on final settlement from defendant for work, and labor, and care of stock by plaintiff for defendant.

"Second—That on or about the 8th day of March, 1885, plaintiff desiring to remove from said county of Fillmore, and also learning that said Silas B. Camp, defendant, was insolvent and wholly worthless, paid the accrued costs and dismissed the action, and on or about the 9th day of March, 1885, removed to Hitchcock county, Nebraska, and has continued to reside in said county until the present time.

" Third—On or about the 10th. day of March, 1885, defendant Silas B. Camp fraudulently filed in the office of said J. D. Hamilton, justice of the peace, a counter-claim and set-off against plaintiff in the amount of ($246) two hundred and forty-six dollars, and on or about the 21st day of March, 1885, fraudulently obtained a judgment against the plaintiff for the sum of ($199) one hundred and ninety-nine dollars and costs, taxed at ($10.95) ten $\frac{95}{100}$ dollars. A transcript of the proceedings and judgment is hereunto annexed, marked ' Exhibit A.'

"Fourth—Plaintiff first learned of the filing of said counter-claim and set-off, and the judgment thereon rendered, on or about the 25th day of November, 1887, when R. H. Stearns, deputy sheriff of Hitchcock county, came to the farm of plaintiff in said county, representing that he had an execution issued from the district court of Fillmore county, in favor of Silas B. Camp, defendant, and levied upon and drove away his stock of cattle and horses, (17) seventeen head in all.

" Fifth—Plaintiff further says he never was and is not now indebted to defendant in the sum of said judgment, nor the several sums set forth in defendant's counter-claim and

set-off, above referred to, nor any part thereof, and has a good and complete defense thereto.

"Sixth—Plaintiff says that by reason of said fraudulent judgment, and the issuance of said execution, he has been greatly damaged; that his cattle and horses were driven about twelve miles, while cold and stormy, and were exposed to the elements about (6) six days, to their damage in the sum of ($25) twenty-five dollars; that he was compelled to employ attorneys to institute proceedings to prevent the sale of his said cattle and horses and to prosecute his case, and has paid said attorneys in fees and expenses the sum of ($100) one hundred dollars, and will have to pay the further sum of fees to said attorneys and expenses in traveling from Hitchcock county to Fillmore county of ($100) one hundred dollars.

"Plaintiff prays that said judgment be set aside and declared fraudulent and void, and for such other relief as justice and equity may require, and that he may have judgment against defendant for the sum of ($272) two hundred and seventy-two dollars, and interest thereon from the first day of December, 1887, and costs of suit."

Defendant answered, admitting the allegations in paragraph number one of the petition, and that the counterclaim for $246 was filed with the justice of the peace, and the judgment rendered thereon for $199 as alleged. All other averments were denied.

A trial was had to the district court, which resulted in the following judgment:

"And now, to-wit, on this 28th day of May, 1889, this cause coming on for hearing, on the petition, in equity filed herein, and answer of defendant, the court, after hearing the evidence and facts in the case, also the arguments of counsel, and after being fully advised in the premises, the court finds that the plaintiff was unaware of the filing of the counter-claim of defendant herein in the action pending before the justice of the peace, but that plaintiff herein,

and then plaintiff therein, paid the costs and supposed cause was dismissed.

" It is therefore considered that plaintiff herein may now file an appeal bond in the justice court, sureties to be approved by the clerk of the district court, now, as of the time when the same should be filed, on plaintiff's paying all costs of defendant since the filing of the set-off in the justice court; that plaintiff file such appeal bond in ten days, and cause then further proceed herein in conformity to law.

" To all the said rulings of the court the defendant, by his counsel, duly excepts."

From this judgment defendant appeals.

The evidence submitted to the district court was very meager and quite unsatisfactory. It is difficult to say, from the petition, whether the collection of the judgment rendered against plaintiff by the justice of the peace has been enforced, or has been paid. Upon that subject no evidence was offered; but, from the whole case, we infer not. It is shown by the evidence that defendant instituted his suit against defendant before a justice of the peace for the recovery of the sum of $47, and that at some time thereafter the costs were paid by plaintiff, and that he probably supposed he had dismissed the suit; but if any effort at such dismissal were made, it does not appear in the transcript of the justice, nor is there any direct proof of the fact. The judgment was rendered on the 21st day of March, 1885. This suit was commenced on the 20th day of January, 1888, and the judgment was rendered on the 28th day of May, 1889—more than four years after the rendition of the judgment. If plaintiff paid the costs, and in good faith sought to dismiss the suit, before the counter-claim was filed, and defendant fraudulently procured a judgment rendered in his favor, against plaintiff, plaintiff can probably obtain relief against it in a proper action, but we know of no law—nor has our attention been called to any by plaintiff—which, as a measure of relief,

will allow him, at this late date, to appeal the case to the district court. The time within which an appeal may be taken is fixed by section 1007 of the Civil Code, and we know of no law by which the time can be extended by the court, unless by the default of the officers, and without negligence on his part, the party seeking to appeal is prevented from doing so.

It appears that plaintiff is of foreign birth and does not understand the English language and is perhaps quite illiterate, and although he was represented by counsel before in the suit before the justice, he may have been misinformed by the justice through a failure to understand the language spoken; yet that could not extend the time in which to appeal, whatever may be his equitable right as against the judgment.

The judgment of the district court will be reversed, and in order that plaintiff's rights, if any, may not be sacrificed, the cause will be remanded to that court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.