FRANCIS SCHOONOVER V. JOSEPH SAUNDERS ET AL.

FILED MAY 19, 1896.     No. 6623.

1. **Appeal to District Court:** DISMISSAL. In an appeal from justice or county court to the district court, if the appellant fails to perfect an appeal in the requirement of filing a transcript of the proceedings of the lower court within thirty days of the rendition of the judgment, and a transcript is procured and filed by appellee as is provided by statute, or one has been filed by appellant out of time, it is proper practice, under the provisions of section 1011 of the Code of Civil Procedure, to make a motion to dismiss the appeal.

2. ———: LACHES: DISMISSAL: EVIDENCE. The evident finding of the

trial court on the showing made in regard to the laches of appellant in the failure to perfect an appeal, *held* to be the true and correct one.

ERROR from the district court of Red Willow county. Tried below before WELTY, J.

*S. R. Smith,* for plaintiff in error.

*Rittenhouse & Boyle, contra.*

HARRISON, J.

In this case there was a trial of the issues to the county court of Red Willow county, resulting in a judgment for defendants. For the plaintiff, in the course of an attempted appeal of the action to the district court, there was filed a transcript of the proceedings in the county court, which, it is conceded, was not so filed within the time prescribed by statute. A motion was filed on behalf of defendants to dismiss the appeal on the ground that the transcript of the proceedings in county court was not filed in the appellate court within thirty days from the rendition of the judgment in the lower court. This motion was sustained and the appeal dismissed. The case has been removed to this court by error proceedings.

Counsel for plaintiff claims that the defendants, by the motion to dismiss, entered a general appearance in the cause, and could not complain that the transcript was not filed in time; that the defendants should have confined their action to questioning, by proper pleading, the jurisdiction of the appellate court. In section 1011 of the Code of Civil Procedure, in relation to failure to perfect appeal, applicable to actions in county court, it is provided as follows: "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid within thirty days next following the rendition of said judgment, the appellee may, at the first term of the district

court after the expiration of thirty days, file a transcript of the proceedings of such justice, and the said cause shall, on motion of said appellee, be docketed, and the court is authorized and required, on his application, either to enter up a judgment in his favor, similar to that entered by the justice of the peace, and for all costs that have accrued in the court, and award execution thereon, or such court may, with the consent of such appellee, dismiss the appeal at the cost of the appellant and remand the cause to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken." The appellant in the case at bar had filed a transcript, but without the statutory time. It was not necessary for the appellee to file another. (*Muldoon v. Levi*, 25 Neb., 457.) It is proper practice for the appellee who desires to take advantage of such a failure to perfect an appeal, to move the court to enter up a judgment in his favor similar to that from which the appeal was attempted, or to dismiss the appeal. The right to make the motion for either is conferred by statute, and the appearance may be in the manner indicated by the statute on the subject. An affidavit was filed on the part of plaintiff, by which it was sought to establish that it was not because of any laches of plaintiff or counsel that the transcript had not been filed in time, and a counter-affidavit was placed of record for the defendants. From an examination of the facts shown by these affidavits as attendant upon the procurement of the transcript, we must conclude that the evident finding of the district court on this point was true and correct, and it will be sustained. No other alleged errors are argued in the brief of counsel for plaintiff, and it follows, from the conclusions reached on those presented and considered, that the judgment of the district court will be

AFFIRMED.