## W. B. VAN SANT ET AL., V. DENNIS M. FRANCISCO.

### FILED JUNE 23, 1898. No. 8155.

1. **Appeal from County Court: DEFAULT OF OFFICER.** The rule whereby the right to appeal from the county court or a justice of the peace is not destroyed by failure to perfect the appeal within the time limited by law, where the delay is caused solely by the default of the officer, relates only to the failure of the officer to perform a duty imposed upon him by law. If the officer undertakes to perform some act not so required of him, he does so as the agent of the appellant, and his neglect is attributable to the appellant himself.

2. ——: ——: **DELIVERY OF TRANSCRIPT.** It is the duty of the county judge or justice of the peace to make out a transcript and on demand to deliver it to the appellant or his agent, but the demand and the delivery should be at the office of the officer. It is not his duty to deliver a transcript at some other place, by mail or messenger.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Affirmed.*

*Frank T. Ransom,* for plaintiffs in error.

*Thomas & Nolan* and *H. C. Murphy, contra.*

IRVINE, C.

Francisco recovered a judgment against the plaintiffs in error in the county court of Douglas county. The judgment was rendered June 14, 1895. An appeal undertaking was filed in due time, but the transcript was not filed in the district court until July 18, four days after the statutory time had elapsed. On the application of Francisco the appeal was dismissed, and this proceeding is brought before us for review.

The evidence on which the district court acted tends to

show that plaintiffs ordered the preparation of a transcript in due season and that it was prepared in ample time to have permitted the perfecting of the appeal. It seems, however, that a usage exists in the county court of Douglas county whereby a book is kept in which attorneys enter applications for transcripts and similar orders. It is also the usage to make transcripts as so ordered, and, with persons of known standing, to deliver them by mail or messenger as may be directed. The attorney for plaintiffs in error sent a clerk to the county court and the clerk there entered, according to instructions, in the order book the title of the case, its docket number, and the words: "Transcript. Send to F. T. Ransom," he being the attorney. By some mistake the transcript was placed in a drawer after its preparation and was not sent to the attorney, and he, relying on receiving it as directed, neglected to send for it until too late to file it within the proper time.

In several cases it has been held that if the appellant do all of him required and is not negligent, he cannot be deprived of his appeal by the failure of the justice or county judge to perform his duty. These cases are all where the officer has failed to perform some duty required of him in his official capacity, as to prepare the transcript, to make up his record, etc. On the other hand, it has been held that where the officer undertook to go beyond his duty and to perform some service not required of him by law, he was then acting as the agent of the appellant, and his failure to perform such extra-official acts would not excuse the appellant. (*Gifford v. Republican V. & K. R. Co.*, 20 Neb. 538; *Union P. R. Co. v. Marston*, 22 Neb. 721.) These were cases where the officer undertook to file the transcript in the district court, but they are like the case before us in principle. Unless it was the official duty of the county judge to send the transcript to appellant's attorney, his failure to do so would not excuse the default. Appeals in civil cases from the county court to the district court are governed by the same rules as ap-

peals from a justice of the peace. (Compiled Statutes, ch. 20, sec. 26.) Code of Civil Procedure, section 1008, makes it the duty of a justice of the peace to make out a certified transcript and "on demand deliver the same to the appellant or his agent." The word "deliver" is not there used in the sense of sending it by mail or messenger. Plainly it contemplates a demand at the office of the justice and a delivery there to the appellant or his agent. If appellants or their agent had called at the county court for the transcript it would have been delivered to them. Not having done so the default was their own. The usage relied on may be one operating for the convenience of litigants, but it does not enlarge the duties of the county judge or become a part of the law.

AFFIRMED.