BENJAMIN H. COOPER, APPELLEE, V. ELLA A. HICKMAN, APPELLANT.

FILED MAY 17, 1913.    No. 17,207.

1. Appeal From County Court: FAILURE TO FILE TRANSCRIPT: RIGHTS OF APPELLEE. Under section 1011 of the code, providing that an appellee in a suit before a justice of the peace or a county court may file a transcript in the district court and there obtain a dismissal of the appeal or a judgment similar to that rendered in the inferior court, if the appellant fails to perfect his appeal within 30 days, the appellee by merely invoking the statutory remedies described does not do so at the peril of waiving appellant's delay and of opening litigation otherwise settled.

2. ———: ———: NEGLECT OF APPELLANT. A district court does not err in declining to entertain an appeal from the county court, where failure to file a transcript within 30 days from the rendition of judgment was due to the mistake or neglect of appellant's attorney in acting under the misapprehension that he had 30 days from the filing of the appeal bond to perfect an appeal.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*O. A. Williams* and *H. Halderson,* for appellant.

*Charles H. Kelsey,* contra.

ROSE, J.

This is an appeal from an order overruling a motion by defendant to docket in the district court an appeal from the county court and to open a judgment rendered against her in the district court, under section 1011 of the code, providing that an appellee in a suit before a justice of the peace or a county court may file a transcript in the district court and there obtain a dismissal of the appeal or a judgment similar to that rendered in the inferior court, if the appellant fails to perfect his appeal within the statutory period of 30 days.

Did the district court err in overruling defendant's

motion?  In the county court plaintiff sued defendant on a promissory note for $480, dated August 31, 1909, and payable January 1, 1910.  Judgment was rendered against defendant August 4, 1910, for the full amount of plaintiff's claim.  A proper appeal bond was executed and filed by defendant August 15, 1910.  In due time a transcript of the proceedings of the county court was ordered and prepared, but was not filed in the office of the clerk of the district court until after the time for perfecting an appeal had expired.  Plaintiff, however, November 22, 1910, presented to the district court a transcript and a motion for judgment similar to that entered in the county court. This motion was sustained the same day.  Defendant applied to the district court December 14, 1910, for an order setting aside the judgment against her and permitting her to docket her appeal.  It is from the judgment overruling her application that she has appealed.

Defendant asks for a reversal on two grounds:  (1) By presenting to the district court a transcript of the proceedings of the county court and by demanding a judgment similar to the one therein rendered, plaintiff entered a general appearance in the district court and waived the delay on part of defendant in perfecting her appeal.  (2) The failure of defendant to file her transcript in time resulted from a misunderstanding between attorneys or to negligence not attributable to her, and she was not responsible for the delay in any event.

1. The record of the county court shows that a proper appeal bond had been given.  The county judge prepared the transcript in time.  After the statutory period had expired, plaintiff presented a transcript to the district court and demanded a judgment similar to that of the county court.  He asked only for relief grantable under the specific terms of the code.  He did not appear for the purpose of opening a controversy settled by a judgment and the lapse of time.  The legislature, in providing for a dismissal of the appeal or for re-entry of judgment in the appellate court, did not intend that those remedies

should be invoked at the peril of opening a controversy which had otherwise been settled. The appearance for those purposes alone was not a waiver of defendant's delay in filing her transcript. *Schoonover v. Saunders,* 48 Neb. 463.

2. Defendant relies on an affidavit to show that her failure to file the transcript within 30 days was due entirely to a misunderstanding between attorneys or to neglect of others, and that she was in nowise responsible for the failure to perfect her appeal in time. Her application raised an issue of fact as to the cause of the delay. There was proof on both sides. The evidence is sufficient to support a finding that an attorney regularly employed by her to perfect an appeal ordered the transcript, thinking he had 30 days from the filing of the appeal bond to deposit the transcript with the clerk of the district court, and that this was the cause of the delay. The excuse is not sufficient. The evidence sustains the judgment.

Affirmed.

Reese, C. J., Letton and Fawcett, JJ., concur.

Barnes, Sedgwick and Hamer, JJ., not sitting.