JOHN M. WELSH, APPELLEE, v. FRANK VALLA, APPELLANT.

FILED DECEMBER 22, 1917. No. 19701.

County Court: TIME FOR APPEAL. An appeal from the county court or justice of the peace to the district court must be taken within 30 days as provided in section 8453, Rev. St. 1913, unless prevented by some act or neglect of the court.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. Affirmed.

Hugh J. Boyle and M. F. Harrington, for appellant.

McGilton, Gaines & Smith and A. B. Jaquith, contra.

SEDGWICK, J.

This plaintiff recovered a judgment against the defendant in the county court of Douglas county on the 18th day of September, 1915. The defendant undertook to take an appeal, and filed his transcript upon

appeal in the district court for that county on November, 1, 1915. The plaintiff filed a motion to dismiss the appeal because it was not perfected within 30 days as provided by statute. The motion was sustained and the appeal dismissed, and, from that order dismissing the appeal, the defendant has appealed to this court.

The statute is in form mandatory. Rev. St. 1913, sec. 8453. It provides that the party taking the appeal "shall deliver the same (the transcript on appeal) to the clerk of the court to which such appeal may be taken within 30 days next following the rendition of such judgment." This court has several times decided that, when the delay is caused entirely by the fault of the court, the time may be extended, and in some of those decisions has taken occasion to say that "the appellant, unless unable to procure a transcript from the justice, must see that it is filed as required by statute," and "the appellant must be diligent and file his transcript within the time limited or the appeal will fail." *Lincoln Brick & Tile Works v. Hall,* 27 Neb. 874. And "the time within which an appeal may be taken is fixed by section 1007 of the Civil Code (Rev. St. 1913, sec. 8452), and we know of no law by which the time can be extended by the court, unless by the default of the officers, and without negligence on his part, the party seeking to appeal is prevented from doing so." *Miller v. Camp,* 28 Neb. 412. If we justify departing from the statute when the delay is caused by the court itself, we certainly cannot go further, and if, under such circumstances, the party has any remedy, he must find it in equity, as indicated in the decisions construing section 8207, Rev. St. 1913.

The facts in this case, as disclosed by the record, indicate the necessity of this rule of the statute. The defendant's attorney, who had the principal, if not the sole, charge of perfecting this appeal, became suddenly ill soon after the judgment was rendered, and was for

a few days confined to his house. He was then attending to business for about three days, and during that time procured the appeal bond and transcript, when he was again taken ill, and was confined to his house until after the 30 days had expired. He then, by telephone, caused the transcript which he had procured to be filed in the district court. It is contended that the defendant himself was not familiar with the English language, nor with the practices of the courts, nor in fact with business generally. The act of taking the transcript from the county court to the district court could be performed by any person; and whether the defendant's attorney could have procured it to be done during the three days that he attended to business, or in due time by telephone as he afterwards did, and other important questions of fact connected with the matter, cannot be satisfactorily tried upon affidavits, and, if the defendant can have that investigated at all, it should be upon full investigation in proceedings as above indicated. The order of the district court dismissing the appeal is right, and is

AFFIRMED.