JOE KATES, APPELLEE, v. E. M. SPENCER, APPELLANT.

FILED FEBRUARY 2, 1921. No. 21254.

**Justice of the Peace:** APPEAL: NEGLECT OF JUSTICE. A party who is free from fault and laches should not be deprived of his right to an appeal solely by the negligent failure of a justice of the peace to prepare a transcript in time for such party to have it filed in the district court within 30 days.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Reversed.*

*McDonald & Irwin,* for appellant.

*H. M. Marquis* and *Roy H. Walford, contra.*

ROSE, J.

This action was commenced before a justice of the peace to recover $200 on the claim that defendant orally leased to plaintiff a five-acre tract of irrigated land, violated the contract and dispossessed plaintiff after the latter had partially performed it. From a judgment in favor of plaintiff for the full amount of his claim, defendant appealed to the district court, where the appeal was dismissed on the ground that the transcript of the justice of the peace had not been filed within the statutory period of 30 days. Defendant has appealed to this court from the judgment of dismissal.

The question presented here is whether the district court, by the filing of the transcript a day too late, acquired jurisdiction to determine the case on its merits. It is conceded by defendant that the transcript was filed in the district court 31 days after the justice of the peace rendered the judgment, but it is contended nevertheless that the delay of one day was due solely to the fault of the justice of the peace, and that therefore the district court should not have dismissed the appeal. The judgment of the justice of the peace was rendered March 18, 1919. Within eight days.

Kates' v. Spencer.

March 26, 1919, defendant filed an approved appeal bond, ordered a transcript, and paid the necessary fee. Again on April 16, 1919, one day before the statutory period expired, an attorney for defendant demanded the transcript by telephone in time to have it filed in the district court by April 17, 1919. Though the time required for the making of the transcript did not exceed 45 minutes, the justice of the peace failed to make the transcript until after the statutory period had expired, but he did mail it to the district court, where it arrived a day too late. When defendant gave an approved appeal bond, ordered a transcript, and paid the necessary fee March 26, 1919, it was the duty of the justice of the peace, without any further demand or a personal call, to have the transcript ready in ample time to be transmitted to the district court within 30 days from the rendition of the judgment. He cannot excuse his official neglect, as he attempted to do in this case, by saying that the transcript would have been ready within the statutory period, had defendant in person or by attorney called in due time and made another demand. The case seems to fall within the rule that a party who is free from fault and laches should not be deprived of his right to an appeal solely by the negligent failure of a justice of the peace to prepare a transcript in time for such party to have it filed in the district court within 30 days. It follows that the judgment of the district court is reversed, the appeal reinstated, and the cause remanded for a trial on the merits.

REVERSED.

LETTON, J., not being a member of the divison which heard this case, did not participate.