IN RE ESTATE OF MERTON E. HOUSE.
FRED C. WARNEMUNDE, CLAIMANT, APPELLEE, V. W. ROLLIN SMITH, ADMINISTRATOR WITH THE WILL ANNEXED, OBJECTOR, APPELLANT.

15 N. W. 2d 56

FILED JUNE 23, 1944. No. 31794.

*Frank M. Johnson,* for appellant.

*Cook & Cook, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

Appellant complains of the action of the trial court in dismissing his appeal from the allowance of a claim against the estate of Merton E. House, deceased, for the reason that the transcript from the county court was not properly certified by the judge of that court.

On an appeal being taken in a probate matter the duty to prepare and transmit to the clerk of the district court a certified transcript of the record and proceedings, on payment

of his fees therefor, is placed by statute with the county judge. Comp. St. 1929, sec. 30-1605. Where, as here, a duty is placed upon a public officer to perform acts necessary to perfect an appeal, his failure to perform cannot be charged to the litigant nor operate to defeat the appeal. *In re Estate of Tagart*, 119 Neb. 647, 230 N. W. 492.

Appellee contends, however, that counsel for appellant became the agent for the county judge when he called at the office of the county judge, accepted the transcript and proceeded to file it in the office of the clerk of the district court. Assuming that appellant's counsel was the agent of the county judge for the purpose of delivering the transcript to the clerk of the district court within the time prescribed, the record shows that appellant's counsel was not remiss in performing that duty. The duty of preparing and certifying the transcript was, however, never delegated. The oversight of the county judge in failing to attach his signature to the certification of the transcript cannot therefore be charged to the appellant and he cannot be deprived of his right to be heard on appeal because of the omission on the part of the county judge.

The trial court erred in refusing to permit the proper certification of the transcript and in dismissing the appeal.

REVERSED.