LLOYD LYNDE, APPELLEE, v. A. M. WURTZ, APPELLANT.

23 N. W. 2d 703

FILED JUNE 28, 1946. No. 32083.

*E. J. McCarthy*, for appellant.

*Clarence E. Haley*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is a forcible entry and detainer action. The issues were appropriately made in the county court and after hearing on the merits judgment was entered August 28, 1945, finding generally for plaintiff. Defendant filed a bond for appeal to the district court on September 6, 1945. It was approved on that date. However, the transcript was not filed in the district court until October 9, 1945. Thereafter, plaintiff filed a motion in the district court to dismiss the appeal for the reason that it was not perfected within 30 days next following rendition of the judgment, as required by section 27-1303, R. S. 1943. That method of

procedure was approved by this court in Schoonover v. Saunders, 48 Neb. 463, 67 N. W. 442.

The motion to dismiss was heard on the merits, whereat oral evidence was adduced by both parties at the conclusion of which the trial court sustained plaintiff's motion and dismissed defendant's appeal. Motion for new trial was filed and overruled whereupon defendant appealed to this court, assigning as error that the dismissal was contrary to law and not sustained by the evidence. We find that the assignments cannot be sustained.

Section 27-1303, R. S. 1943, provides in part: "The justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken, within thirty days next following the rendition of such judgment."

It is conceded that the transcript in the case at bar was not filed within the required 30-day period. At the outset it should be said, however, that defendant's present counsel is not responsible for the dereliction since he did not represent defendant until after the transcript had already been filed out of time.

The statute involved has been construed many times by this court. In Welsh v. Valla, 102 Neb. 84, 165 N. W. 895, it was held: "An appeal from the county court or justice of the peace to the district court must be taken within 30 days as provided in section 8453, Rev. St. 1913, unless prevented by some act or neglect of the court." In the opinion it was said: "The statute is in form mandatory. * * * It provides that the party taking the appeal 'shall deliver the same (the transcript on appeal) to the clerk of the court to such appeal may be taken within 30 days next following the rendition of such judgment.' This court has several times decided that, when the delay is caused entirely by the fault of the court, the time may be extended, and in some of those decisions has taken occasion to say

that 'the appellant, unless unable to procure a transcript from the justice,. must see that it is filed as required by statute,' and 'the appellant must be diligent and file his transcript within the time limited or the appeal will fail.' Lincoln Brick & Tile Works v. Hall, 27 Neb. 874. And 'the time within which an appeal may be taken is fixed * * * and we know of no law by which the time can be extended by the court, unless by the default of the officers, and without negligence on his part, the party seeking to appeal is prevented from doing so.' Miller v. Camp, 28 Neb. 412."

In Kates v. Spencer, 105 Neb. 599, 181 N. W. 520, it was held: "A party who is free from fault and laches should not be deprived of his right to an appeal solely by the negligent failure of a justice of the peace to prepare a transcript in time for such party to have it filed in the district court within 30 days." In the opinion it was said: "When defendant gave an approved appeal bond, ordered a transcript, and paid the necessary fee * * * it was the duty of the justice of the peace, without any further demand or a personal call, to have the transcript ready in ample time to be transmitted to the district court within 30 days from the rendition of .the judgment." See, also, Hagadorn v. Wagoner, 4 Neb. (Unof.) 713, 96 N. W. 184.

In Van Sant v. Francisco, 55 Neb. 650, 75 N. W. 1086, it was held: "The rule whereby the right to appeal from the county court or a justice of the peace is not destroyed by failure to perfect the appeal within the time limited by law, where the delay is caused solely by the default of the officer, relates only to the failure of the officer to perform a duty imposed upon him by law. If the officer undertakes to perform some act not so required of him, he does so as the agent of the appellant, and his neglect is attributable to the appellant himself.

"It is the duty of the county judge or justice of the peace to make out a transcript and on demand deliver it to the appellant or his agent, but the demand and the delivery should be at the office of the officer. It is not his

duty to deliver a transcript at some other place, by mail or messenger."

The sole question presented then is whether the transcript was not filed in time by reason of the neglect, fault, or laches of the court or of the defendant. In the light of the authorities heretofore cited that question resolves itself primarily into one of fact. Defendant testified substantially that when he filed his appeal bond his two sureties were present and he asked the county judge if he would take care of the "script" and "he says yes." That is all that was said about the transcript. Concededly, defendant never inquired about or tendered any fees and never inquired about the transcript again or demanded it by personal call or otherwise until after the statutory period of 30 days had elapsed and the transcript had not been filed. His attorney who then represented defendant did not testify and there is no contention that he ever took any steps to obtain and file the transcript.

One of defendant's sureties, as a witness for defendant, testified that the judge said that he was going to take care of the transcript and have it filed. On the other hand, defendant's other surety, when called as a witness for defendant, testified that he was present at that time but did not hear any conversation relative to a transcript.

The county judge who was called by plaintiff testified that the conversation at that time related solely to the appeal bond, its approval, and filing. He testified that nothing was ever said by defendant or others, including defendant's then attorney, concerning a transcript, that it was never requested or demanded until after the statutory period had elapsed, when defendant called about it, and that no fees were ever tendered or inquiry made by anyone concerning the cost thereof.

Under such circumstances we are unable to conceive how the trial court could have justly found under the law that defendant was free from neglect, fault, or laches, or that he was deprived of his right of appeal solely by reason of

any neglect, fault, or laches of the county judge.

One other question was argued in plaintiff's brief but in oral argument to this court it was conceded by counsel to be without merit and we need not discuss it.

For the reasons heretofore stated, we conclude that the dismissal of defendant's appeal was correct, and it is affirmed.

AFFIRMED.