C. H. HALEY, DOING BUSINESS AS HALEY CHEVROLET
COMPANY, APPELLEE, V. EDNA N. FLEMING, APPELLANT.

27 N. W. 2d 626

Filed May 23, 1947.   No. 32248.

*V. H. Halligan,* for appellant.

*William S. Padley,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiff brought an action in the county court to
recover judgment for parts, labor, and materials fur-
nished defendant in the repair of an automobile. Issues
were made. The cause was tried to a jury resulting in a
judgment for plaintiff on October 18, 1946. On October
28, 1946, an appeal bond was filed and approved. At
that time defendant was advised that she was required
to file a transcript in the district court within 30 days
from the date of the judgment. The transcript was
prepared and ready for execution of the certificate on
October 30, 1946. On November 13, the county judge
left the county and remained away until November 17.
He returned to his office on November 18. The clerk
of the county court was present at all times during
business hours during the absence of the judge.

The defendant testified that on November 13, 1946, she called by long-distance telephone in a person-to-person call for the judge, intending to ask if the transcript was ready. She was advised of the absence of the judge. She did not seek to talk with the clerk. She did this again on November 15 with the same result. On November 19, she called by telephone, then went to the county court. The certificate was executed. She secured the transcript and on that day filed it in the office of the clerk of the district court. On November 22, 1946, plaintiff moved for judgment because of the failure to file the transcript within time. A hearing was had and the appeal was dismissed. Defendant appeals, assigning as error that the delay was not caused by any neglect or omission on her part and inferentially that the delay was caused by the absence of the judge from his office.

The clerk of the county court is authorized by section 24-548, R. S. 1943, to make the required certificate. The clerk testified that she ordinarily did not execute the certificates, but that she had authority to do so, and on occasion had done so. The absence of the county judge did not prevent the execution of the certificate nor the delivery of the transcript.

In Lynde v. Wurtz, 147 Neb. 454, 23 N. W. 2d 703, we reexamined the authorities and restated the rules applicable here. There, as here, the question was whether the transcript was not filed within time by reason of the neglect, fault, or laches of the court, or of the defendant. That is a question of fact. It is obvious that the failure here was that of the defendant in not calling at the county court so as to secure the transcript and file it within time. The evidence negatives any fault, neglect, or laches of the court.

Plaintiff asks for an allowance of an attorney's fee under section 25-1801, R. S. 1943. We have before us only the evidence taken on the motion to dismiss. There is neither pleading nor evidence in this record showing the existence of the conditions precedent to an allowance

of an attorney's fee under that statute. It accordingly is denied.

The judgment of the district court is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.