WESLEY LILJEHORN ET AL., APPELLEES, V. GENE L. FYFE ET AL., APPELLANTS.

134 N. W. 2d 230

Filed March 26, 1965. No. 35861.

Aten & Noble, for appellants.

Anderson, Storms & Anderson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

The district court dismissed defendants' appeal from county court because a purported transcript, although filed in 30 days, was not signed and certified by the county judge. The defendants appeal to this court asserting that the appeal should not have been dismissed and that their motion for diminution of the record to require proper signing and certification of the transcript should have been sustained. We reverse the judgment, holding that the district court had jurisdiction of the appeal and should have required proper signing and certification of the transcript by the county judge.

On October 14, 1963, after the entry of adverse judgment in county court on October 7, 1963, defendants filed a notice of appeal to the district court and a request for a certified transcript. This request invoked the language of the applicable statute, section 27-1303, R. R. S. 1943, as follows in part: "The justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken, within thirty days next following the rendition of such judgment."

The time for filing expired November 6, 1963. Defendants' counsel phoned the clerk of the county court early in November and inquired about the transcript. The clerk of the county court already had the transcript prepared. On November 5, 1963, she took it to the county judge who failed to sign or certify it, but did deliver it to the clerk of the district court who filed it on November 5, 1963.

By the terms of the statute, it was the judge's mandatory duty to sign and certify the transcript. The duty of defendants to demand and deliver it to the district court was a separate and subsequent duty. There was no duty on their part to request its certification or to see to it that it was certified. It appears that defendants' duty of delivery under these statutes was performed by the county judge as a volunteer. The county judge, under the plain words of the statute, alone must sign and certify the transcript and it is obvious that it is a nondelegable duty. In re Estate of House, 144 Neb. 870, 15 N. W. 2d 56, dealt with a situation where an appellant secured from a county judge an unsigned transcript and filed it within 30 days. In holding that the failure of proper certification could not be charged to the appellant, the court said: "The oversight of the county judge in failing to attach his signature to the certification of the transcript cannot therefore be charged to the appellant and he cannot be deprived of his right to be heard on appeal because of the omission on the part of the county judge."

No proper transcript has been prepared and signed to this day in this case. Consequently, this sole duty being that of the county judge, it becomes immaterial to inquire, as plaintiffs would have us do, as to what would have happened if the defendants had inquired of the county judge about the transcript on November 6, 1963. This is made clear in Omaha Coal, Coke & Lime Co. v. Fay, 37 Neb. 68, 55 N. W. 211, where it was said: "* * * the case of Cheney v. Buckmaster, 29 Neb., 420, is authority for holding that where a transcript was ordered promptly a party intending to appeal is justified in relying upon the presumption that it will be prepared within a proper period, and that he cannot be deprived of his appeal by the failure of the county judge to so prepare it. The plaintiff in error ordered the transcript immediately upon the rendition of judgment, and he was not required by law to procure it and file it in the

district court within any shorter time than 30 days after the rendition of judgment. The transcript was not prepared within the time, and even had the attorney not been ill, had he gone to the county judge to request the transcript upon the thirtieth day it would not have been ready."

As we see it, plaintiffs' whole argument is premised on the proposition that somehow defendants had the duty of taking proper steps to see to it that the transcript was signed. This position is untenable.

Plaintiffs insist on a strict application of the requirements of the statute as being conditions precedent to the right of appeal. They cite cases where an appellant relied on the judge or some other agency to perform his statutory duty to file a properly prepared transcript within the 30 days. There is no doubt that if the officer or judge undertakes to perform some act *not required of him,* he acts as agent of appellant and his neglect or failure is attributable to appellant himself. Van Sant v. Francisco, 55 Neb. 650, 75 N. W. 1086; Larson v. Wegner, 120 Neb. 449, 233 N. W. 253. But, where the default relates only to the failure of the officer to perform a duty imposed on him by law, the right to appeal is not destroyed by the failure to perfect the appeal in time. In such a case appeal may be had after the time fixed by statute and a proper transcript filed after term. Dobson v. Dobson, 7 Neb. 296; Continental Building & Loan Assn. v. Mills, 44 Neb. 136, 62 N. W. 478; Goetz Brewing Co. v. Waln, 92 Neb. 614, 139 N. W. 230, Ann. Cas. 1914A 336; In re Estate of House, *supra;* Cheney v. Buckmaster, 29 Neb. 420, 45 N. W. 640; Omaha Coal, Coke & Lime Co. v. Fay, *supra.* The record here on its face shows an utter failure by the court to perform a mandatory statutory duty charged as the responsibility of the judge alone. The defendants had no duty to perform in securing the signing and certification of the transcript. This stands out in this case because the county judge did actually perform the defendants' job of de-

livering the transcript to the clerk of the district court within time. Defendants could not be at fault for not again requesting that something be done which already had been done. They were not required to perform a futile act. Kates v. Spencer, 105 Neb. 599, 181 N. W. 520, held that official neglect cannot be excused by saying a properly prepared transcript would have been ready had appellants called in due time and made another demand.

Plaintiffs, citing cases from other jurisdictions, argue that the district court was without power to compel the completion of a properly certified transcript. The case of Goetz Brewing Co. v. Waln, *supra*, is decisive of this point as well as the other contentions of plaintiffs. In that case a noncertified transcript was filed in 30 days, the same as here. Said the court: "It is apparent from this record that the failure of the county judge to certify to the transcript was not the fault of plaintiff, and it is the well-settled law of this state that a party cannot be deprived of his appeal by the wrong of the officer, when he is without fault himself. In making the order for the proper certification of the transcript, the court was well within the power conferred by section 28, ch. 19, Comp. St. 1911, which provides: 'The district court may, by rule, compel an inferior court or board to allow an appeal, or to make or amend records according to law, either by correcting an evident mistake or supplying an evident omission.' "

The statute cited in the above case is now section 24-313, R. R. S. 1943.

The judgment is reversed and the cause remanded with directions to overrule the motion to dismiss the appeal and to sustain the motion for diminution of the record by requiring certification of the transcript by the county judge.

REVERSED AND REMANDED WITH DIRECTIONS.