WILLIS R. ANDREWS, APPELLEE, v. W. IRVING WILKIE, APPELLANT.

148 N. W. 2d 924

Filed March 3, 1967. No. 36273.

G. Merrill Kartman and Robert H. Beach, for appellant.

William H. Mecham, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

KOKJER, District Judge.

The defendant W. Irving Wilkie leased 320 acres of land in Iowa to the plaintiff Willis R. Andrews, by written lease, for a term of 1 year beginning March 1, 1958. Plaintiff held over the initial 1-year term under the original lease until February 28, 1963. The lease contained provisions regulating the time when plowing should or should not be done. In August of the year 1962 plaintiff plowed some of this land. He testified he plowed 125 acres. The parties evidently tried the case on the theory that this plowing was not permitted under the written lease; but plaintiff claimed there was an oral agreement which modified the terms thereof. Defendant denied there was any such oral agreement. The only issue tried and submitted to the jury was whether or not the parties had a valid, binding contract by virtue of which they had varied, altered, or amended their written lease of the land regarding the plowing, and, if so, the amount of the recovery.

Plaintiff testified that late in July or early in August of 1962 the parties met to complete some papers needed in connection with collecting the final soil bank payment. He testified that at that meeting the following conversation took place: "I told Mr. Wilkie we was spending a lot of money for fertilizer and there was a lot of dead

stuff there from the weed killer after I had sprayed that laid there on the ground, and that if we would go ahead and plow that this fall, it would help us out quite a bit for fertilizer for another year, and I thought it would add quite a little bit to the ground. You always get a little more per acre when anything is fall-plowed. I asked him, 'What do you think about doing that?' He says, 'I think that would be a good idea; you go ahead and plow it.'" Mr. Wilkie denied that he made any separate agreement as to plowing the land in the summer of 1962.

Mr. Wilkie sold the land and gave plaintiff notice to vacate on the following February 28th, which plaintiff did.

Defendant argues that the contract could not be varied orally and that there was no consideration for an oral agreement to alter or modify the prior written contract. The detriment to plaintiff or the benefit to defendant would be consideration. In the case of Todd Brothers v. Federal Crop Ins. Corp., 178 Neb. 211, 132 N. W. 2d 778, this court said: "A written executory contract may be modified by the parties thereto at any time after its execution and before a breach has occurred, without any new consideration." It has also been held that the terms of a written executory contract may be changed by a subsequent parol agreement before a breach thereof. Swanson v. Madsen, 145 Neb. 815, 18 N. W. 2d 217; Carpenter Paper Co. v. Kearney Hub Publishing Co., 163 Neb. 145, 78 N. W. 2d 80.

There could have been an express agreement of the parties in terms or effect to pay what the services were reasonably worth and such an agreement will be implied where there is no agreement as to the amount of compensation. 17A C. J. S., Contracts, § 363, p. 367. There was testimony here as to the reasonable value of the plowing.

An appeal to the Supreme Court will be treated and disposed of upon the theories presented by the parties

upon the trial if a liberal construction of the pleadings, as construed by them, will permit the same to be done. Crancer Co. v. Combs, 94 Neb. 655, 144 N. W. 251, reversed on rehearing on other grounds; Woolworth v. Parker, 57 Neb. 417, 77 N. W. 1090.

The case was submited to a jury upon the theory adopted by the parties, and the jury found for the plaintiff. The evidence adduced was sufficient to sustain such a verdict. The verdict of a jury will not be disturbed unless it is clearly wrong. Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74.

Defendant questioned the allowance of an attorney's fee which was taxed against him in the district court, and asks that no fee be taxed in this court. As a basis for the allowance of an attorney's fee under the provisions of section 25-1801, R. R. S. 1943, the record must show pleading and proof of the existence of the condition precedent set out in the statute. Haley v. Fleming, 148 Neb. 407, 27 N. W. 2d 626. There is no pleading nor proof shown by the record here to meet this requirement.

The judgment should be modified to disallow the attorney's fee taxed in the district court, and none should be allowed here. The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.