**UNITED STATES of America,
Appellant,**

v.

**HASTINGS MOTOR TRUCK CO. et al.,
Appellees.
No. 71–1646.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1972.

Decided June 1, 1972.

Robert J. Becker, Asst. U. S. Atty., William K. Schaphorst, U. S. Atty., D. Neb., Omaha, Neb., for appellant.

James T. Gleason, Omaha, Neb., for Frederick G. Iske, Marilyn Iske, Richard L. Christensen and Ellen G. Christensen, appellees.

Arthur Sidner, Fremont, Neb., for John O. Knigge and Ester M. Knigge, appellees.

James D. Conway, Hastings, Neb., James K. Langdon, Omaha, Neb., for John H. Hueske and Grace E. Tompkins, appellees.

Before VAN OOSTERHOUT, BRIGHT and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the United States from final judgment dismissing its complaint against defendants wherein a deficiency judgment is sought against all defendants for the unpaid balance of four loans secured by mortgage obtained from the Small Business Administration (SBA), an agency of the United States.

The loans were described as disaster loans made for the purpose of providing funds to repair damage to realty caused by floods. The final loan was made on May 25, 1961. The mortgaged property was subject to a first mortgage to a third person which has been foreclosed. Foreclosure sale has been made and approved. A substantial deficiency remained after the SBA received the excess on the foreclosure sale above the amount due on the first mortgage.

Title to the mortgaged property changed hands a number of times. Defendants are persons who obligated themselves on the mortgage notes and indebtedness as makers, guarantors or assumers of the mortgage indebtedness. The liabilities contracted by the various defendants vary but no determination of the amount due from each defendant is required in view of the result we reach.

On August 16, 1963, subsequent to the making of all the mortgage loans and guarantee agreements here involved, Interstate Agency, Inc., the then holder of legal title to the mortgaged property, by warranty deed conveyed the property to F. M. Jacobberger with the knowledge and consent of SBA. The sole consideration for the conveyance was Jacobberger's agreement to assume and pay all mortgages against the property. All payments thereafter made were made by Jacobberger but such payments were irregular and no payments were made subsequent to February 11, 1965.

The case was tried to the court without a jury. The facts are largely stipulated. Some testimony was offered. The trial court filed a memorandum opinion (not reported) incorporating detailed findings of fact and conclusions of law and upon the basis thereof dismissed the case as to all defendants.

The dismissal as to Jacobberger is based upon his adjudication as a bankrupt on July 16, 1969, his scheduling of plaintiff's claim as a debt accruing prior to adjudication and his discharge as a bankrupt. The dismissal as to Jacobberger is not challenged on this appeal.

The trial court based its judgment in favor of all defendants other than Jacobberger on a finding that a novation occurred which released the original mortgagors and guarantors from liability when Jacobberger delivered his assumption agreements to the SBA.

The Government asserts the court erred in finding a novation for the following reasons:

1. Parol evidence was received to vary the terms of the pre-existing contracts establishing the liability of the various defendants.

2. In any event, there is no substantial evidence to support novation.

The evidence asserted to have been received in violation of the parol evidence rule was not offered for the purpose of varying the terms of the original contractual obligation assumed by the defendants but for the purpose of showing a new subsequent contract terminating defendants' liability on the earlier contracts.

■ The parol evidence rule is one of substantive law and the law of the state where the transaction took place is controlling. Bellows v. Porter, 8 Cir., 201 F.2d 429, 432; see 30 Am.Jur.2d, Evidence § 1017.

In Jenkins v. Watson-Wilson Transportation Sys., Inc., 183 Neb. 634, 163 N.W.2d 123, plaintiff had entered into an agreement with defendant to transport freight at a specified rate. Defendant contended that the rate was modified by a subsequent agreement. In holding that parol evidence was admissible to establish the subsequent oral contract, the Nebraska court states:

"The parol evidence rule relates to parol agreements made prior to or contemporaneous with a written agreement. It does not apply to parol agreements made after a written agreement, which is the situation here.

As we said in Andrews v. Wilkie, 181 Neb. 398, 148 N.W.2d 924: 'The terms of a written executory contract may be changed by a subsequent parol agreement before a breach thereof.'" 163 N.W.2d 123, 125.

See 30 Am.Jur.2d, Evidence § 1063.

■ The parol evidence was properly received. The trial court applied the law on novation as stated in Restatement on Contracts, § 428, as follows:

"Where a third person contracts with a debtor to assume, as an immediate substitution for the debtor's duty, a duty to the creditor to render either the performance for which the debtor was previously bound, or some other performance, and the creditor agrees either with the debtor or with the third person to such substitution, there is a novation that discharges the original debtor and subjects the third person to a duty to the creditor."

The law on novation as stated by the Supreme Court of Nebraska in Thomas v. George, 105 Neb. 44, 178 N.W. 922, modified on rehearing, 105 Neb. 44, 181 N.W. 646, cited by the Government and approved by the defendant, is not substantially different than the restatement rule as applied to the facts of our present case. See also Anno: Novation—What Constitutes, 61 A.L.R.2d 755; 58 Am.Jur.2d, Novation § 16.

Included in the court's findings are the following:

"On January 15, 1965, Jacobberger executed in writing instruments labeled 'Assumption Agreement of Debt and Acknowledgment of Mortgage'. The record shows that SBA required approval of the guarantors before it would accept this agreement of Jacobberger. Some of the guarantors gave their approval in writing, and the evidence shows that verbal assurances were made to all the guarantors by

SBA that each of them would be released from any further obligation at the time Jacobberger executed the aforesaid assumption agreements. No payments on the loans were ever made by Jacobberger after February 11, 1965.

\* \* \* \* \* \*

"In the present case Agency conveyed the previously described realty to Jacobberger on August 15, 1963, with SBA approval. Thereafter, on January 15, 1965, Jacobberger, acknowledged the existence of the SBA mortgage and assumed and agreed to pay the promissory notes, when he executed certain documents entitled 'Assumption Agreement of Debt and Acknowledgment of Mortgage.' The evidence establishes that the SBA at that time and on subsequent occasions made certain assurances to the defendants, other than Jacobberger, which would lead a reasonable man to believe that he was released from any further liability.

"The assumption agreements of Jacobberger, contain language that he was to perform all of the obligations under the agreements of the prior debtors and guarantors, 'as if he were the original maker thereof.'

"The actions of SBA after Jacobberger executed the assumption agreement, show that it was then looking solely to Jacobberger for performance, and not to the prior debtors and guarantors.

"In addition the evidence establishes that representatives of SBA made oral assurances to the guarantors and prior debtors, that as far as SBA was concerned the Jacobberger assumption would let said guarantors and debtors 'off the hook.'

"The record is replete with testimony and other evidence which can lead only to the ultimate conclusion that a novation was intended and in fact took place. This Court is of the opinion that while other evidence could be discussed in this opinion, which would buttress the conclusion that a novation occurred, such discussion would be cumulative in view of the facts already set forth."

■ We have carefully examined the record. The evidence of course must be viewed in the light most favorable to the defendants as the prevailing party. We find substantial evidentiary support for the trial court's findings. Like the trial court, we find in the record additional evidentiary support for the novation determination but we shall not prolong this opinion by setting out such evidence in detail. We do observe, however, that the record contains SBA reports which reflect that SBA initially was favorably impressed with Jacobberger; that it believed that contemplated improvements would produce increased rentals that would liquidate the debt; that they considered the property to be worth more than the first mortgage and the SBA mortgage; and they had a financial statement showing Jacobberger had a substantial net worth. After Jacobberger acquired the property, SBA had notice of a condemnation proceeding against the mortgaged property which allowed Jacobberger $35,000.00. SBA took no steps to have this applied upon the debt. There was considerable delay in obtaining the required assumption agreement from Jacobberger on the prescribed form but this was ultimately furnished along with the assent of defendants thereto and the assumption agreement was retained by the SBA.

We hold that the trial court's findings are supported by substantial evidence and are not induced by any erroneous view of the law.

The judgment is affirmed.