ANDREWS ELECTRIC COMPANY, A CORPORATION, APPELLEE, v. FARM AUTOMATION, INC., A CORPORATION, APPELLANT.
198 N. W. 2d 463

Filed June 23, 1972. No. 38337.

Ronald G. Sutter of Everson, Wullschleger, Sutter, Fischer & Muehlberg, for appellant.

Howard F. Ach of Ach & Ach, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Andrews Electric Company alleged two causes of action, one on an account stated and the other for the reasonable and agreed price of goods and services subsequently furnished Farm Automation, Inc. The latter in its answer denied generally and counterclaimed for damages for breaches of contracts upon which Andrews first cause of action rested. The court directed a verdict for Andrews on its causes of action, allowing the prejudgment interest and attorney's fees. It submitted part of Farm's counterclaim to a jury. The verdict went for Andrews.

Farm appeals. It limits its assignments of error to

Andrews first cause of action, arguing as follows: It is entitled to a jury trial on the issue of the existence of an account stated. In the alternative Andrews was not entitled to prejudgment interest or attorney's fees.

From 1964 to 1968 Andrews was a subcontractor of Farm, installing electrical wiring and equipment on premises of Farm's customers. On October 25, 1967, the parties signed an agreement, exhibit 1, as follows: The starting balance owed Andrews as of January 1, 1967, was $5,082.30. The balance due without reservation, addition, or subtraction was $3,935.99. Below that sum exhibit 1 listed five items totaling $2,001.03. Two were credit memoranda "to be issued" in the total sum of $321.40. The other three were: "Holding Leechs 419.63 . . . G. Holtmeier 760.00 . . . O. Meyer 500.00. . . ." After that itemization, receipt of $1,934.96 was acknowledged. The credit memoranda were issued October 26. In January 1968, Farm paid Andrews $500, the amount owing on the Meyer subcontract.

Officers of both parties testified that under exhibit 1 Farm was to pay Andrews upon completion of performance of the subcontracts. It was undisputed that performance by Andrews of all the subcontracts noted in exhibit 1 were not then completed. The date of completion of performance or a demand for payment subsequent to October 25 and prior to commencement of suit was not proved.

Suit had been filed June 30, 1969, and judgment was rendered April 21, 1971. Andrews on its first cause of action recovered the principal sum of $1,179.63, prejudgment interest from May 1, 1968, in the sum of $212.20, and $150 for services of its attorneys.

On the issue of interest, as well as of attorney's fees, the parties rely solely on statute. On money due on an instrument in writing or on settlement of an account from the day the balance shall be agreed upon, interest is allowed. Unsettled accounts bear interest after 6 months from the date of the last item. § 45-104, R.

R. S. 1943. A party may recover prejudgment interest and an attorney's fee on a claim of $2,000 or less for services rendered, labor done, or material furnished, provided he presented the claim 90 days prior to commencement of suit. See § 25-1801, R. S. Supp., 1969. Compliance with the condition is mandatory. See Andrews v. Wilkie, 181 Neb. 398, 148 N. W. 2d 924 (1967).

The court in every stage of an action must disregard any error which does not affect the substantial rights of the adverse party. No judgment shall be affected by reason of the error. See § 25-853, R. R. S. 1943.

An appeal to the Supreme Court in a civil action will be considered upon the theories presented by the parties at the trial, provided a liberal construction of the pleadings, as construed by the parties, will permit. Andrews v. Wilkie, 181 Neb. 398, 148 N. W. 2d 924 (1967).

An account stated is a contract to pay the stated sum. It must ordinarily be set aside in order for the original claims upon which it is based to be tried. See, 6 Williston on Contracts (Rev. Ed., 1938), § 1864, p. 5238; cf. Moore v. Schank, 148 Neb. 228, 27 N. W. 2d 165 (1947).

Farm with a tenable argument requests us to plumb fathomless differences among open account, account stated, executory accord, and evidential admission. See, generally, 6 Corbin on Contracts, c. 72, pp. 233-90 (1962); 6 Holdsworth's History of English Law, pp. 650-51 (1924); 11 id. pp. 526-27 (1938); Jones, The Elizabethan Court of Chancery, p. 280 (1967); Restatement, Contracts, § 422 (1932); Williston, supra, §§ 1862-64, pp. 5227-38; Note, 14 Syracuse L. Rev. 653 (1963). We decline.

The assent of Farm to exhibit 1 was conditioned upon completion of performance by Andrews. Reviewing the record, especially Farm's counterclaim and the jury verdict, we conclude that the trial went on confused theories of open account, account stated, executory accord, and evidential admission. Apart from interest

and attorneys' fees, the material factual issue, stripped of form, related only to the Holtmeier subcontract. Specifically, it was the fitness of a device to control and meter the flow of grain, Farm having retained the device. That subcontract was indirectly a part of Andrews first cause of action. Although there was no account stated the finding for Andrews on the items of the account was not prejudicial error in view of the jury verdict.

The evidence is insufficient to prove presentation of the claim to Farm after performance and 90 days prior to commencement of the action. On the first cause of action the allowance of prejudgment interest and an attorney's fee was erroneous.

The judgment on Andrews first cause of action is reversed in part and the cause remanded with directions to disallow the items of interest prior to April 21, 1971, and attorney's fees. The judgment is otherwise affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.